**Verla HALLMARK, Plaintiff-Respondent,**

v.

**Lawrence Ray STILLINGS,
Defendant-Appellant.**

**No. 12139.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 6, 1981.

Scott B. Stinson, Mountain Grove, for plaintiff-respondent.

James E. Curry, John H. Tharp, Ava, for defendant-appellant.

TITUS, Judge.

As the survivor of an alleged tenancy by the entirety with her deceased husband, plaintiff filed a two-count petition September 29, 1978, against the defendant in the Circuit Court of Douglas County. Count I, in replevin, sought recovery of personal property listed in Exhibit A of the petition,[1] or, in the alternative, $10,000 actual and $25,000 punitive damages. Count II "in the alternative" and sounding, we suppose, in conversion, asked $13,000 actual and $25,000 punitive damages. On January 23, 1981, after a court-trial held March 13, 1980, the trial court entered judgment as follows: "Plaintiff shall recover from defendant possession of the following items of personalty: Appaloosa Stallion; 14 foot stock trailer; various men's silver jewelry; various trophies; 2 saddles, clothing, razor, blacksmith anvil; 2 pr. cowboy boots; shop vise, skill saw; shop tools, set of rings and saddle blankets and pads.[2] . . . Ordered judgment for plaintiff and against defendant, as actual damages, in the sum of $4135.00; and . . . Ordered judgment for plaintiff and against defendant, as punitive damages, in the sum of $5000.00." Defendant appealed.

The first questions we have to answer, sua sponte, are whether the appeal is premature because no final judgment was rendered or, if so, was the form thereof correct so that a proper determination of the rights of the parties may be ascertained.

■ As seen, the petition was in two counts but whether the purported judgment related to Count I or Count II, or both, was not stated. Generally, there can be but one judgment in a case and a judgment is not final for the purposes of appeal unless it disposes of all counts in the petition. Sec. 511.020.[3] Because, in part at least, the judgment herein sounded of replevin, we may reasonably assume it was intended as a judgment on Count I. Also, as here, where the disposition of one count and the entry of a general judgment thereon serves to dispose of and settle all questions, eliminates all issues between the parties and precludes a recovery on the other count, there is a final judgment for the purposes of appeal. As indicated, we believe the judgment herein was such a judgment and that the instant appeal falls within the exception. *Hayes v. Cardwell*, 575 S.W.2d 816, 822 (Mo.App.1978); *J. G. Jackson Associates, Inc. v. Mosley*, 308 S.W.2d 774, 776[1, 2] (Mo.App.1958).

Even assuming a final judgment, the question remains as to whether it was in proper form so as to permit a final determination of the issues.

Rule 99.12 states: "When the court . . . finds that a party not in possession of the property is entitled to possession of the property the value of the property shall be determined and damages for the taking, detention or injury may be assessed. The judgment shall be against the party . . . for the return of the property or the value of the property, at the election of the party entitled to possession, and for damages assessed for the taking, detention or injury." Rule 99.13: "The prevailing party shall not be required to make an election between the return of the property or the payment of the value thereof assessed by the court . . . until the property is in the possession of the sheriff and notice thereof is given by the sheriff to the prevailing party. . . . The prevailing party shall have ten days after the service of the notice to make an election to receive the value of the property assessed by the court . . . . The election must be in writing and shall be filed with the clerk of the court."

---

1. A copy of Exhibit A appears in the Appendix hereto. We have added in brackets plaintiff's trial opinions as to the value of each item.

2. We doubt such wording would be sufficiently descriptive to permit the sheriff, without a

good chance of error, to obtain the exact property intended. Rule 99.15.

3. Statutory and rule references are to RSMo 1978 and 1981 Missouri Rules of Court.

The foregoing rules contemplate that the judgment in a replevin suit (1) will find and declare the prevailing party's right of possession, (2) will determine and assess the value of the property in suit *at the time of trial*, thus affording the prevailing party an election to take the property or its assessed value, and (3) will determine and assess damages, if any, for taking and detention. *Riddle v. Dean Machinery Co.*, 564 S.W.2d 238, 259 (Mo.App.1978); *M.F.A. Cooperative Ass'n of Mansfield v. Murray*, 365 S.W.2d 279, 289–290[16–18] (Mo.App.1963). As the defendant, the losing party herein, had possession of some of the property in controversy at the time of trial, the court should determine and assess the value of the property as of that date. The judgment in the case at bar was clearly not in the form contemplated and required. That plaintiff herein should be afforded the election to have the property or receive its value as assessed by the court, becomes even more important when it is considered that defendant has been in possession of the property in question since October 1976 and plaintiff's knowledge of its condition would not be possible until she be afforded the opportunity to view it after it comes into the sheriff's keeping. Also, consideration should be given to footnote 2 herein in reference to describing the property involved.

For the reasons stated, the judgment nisi is set aside and the cause is remanded for further proceedings as herein indicated.

GREENE, P. J., and FLANIGAN, J., concur.

## APPENDIX

### "EXHIBIT 'A'"

Eight (8) horses, as follows:

[$ 5,000] 1. One Appaloosa Stallion (Name – Judges Choice) – T 52084

[$ 300] 2. One Bay Mare Quarter horse with black points

[$ 500] 3. One Appaloosa Mare – white with black spots

[$ 500] 4. One Appaloosa Mare – white with black spots (full sister of previous horse – younger)

[$ 250] 5. One Quarter horse stud – sorrel; white star on forehead and white stripe down nose; flecks on mane and tail

[$ 500] 6. One Appaloosa stud – blackish brown with white on forehead

[$ 500] 7. One Appaloosa colt – This colt was foaled July 4, 1976

[$ 500] 8. One Appaloosa – sorrel filly – white spots over hips

[$ 250] Hereford Impl. saddle (show saddle)

[$ 500] One fourteen foot stock trailer – Serial No. 4682654

[$ 200] One M & W Heater

[$ 75] One Lincoln acetylene welder

[$ 50] One Winchester 30-30 rifle

[$ 35] One Marlin 22 automatic rifle

[$ 20] One 410 shotgun

[$ 15] One Electric skill saw

[$ 40] One Electric hand grinder

[$ 15] One Electric bench grinder on stand

[$ 75] One Homelite chain saw

[$ 100] One Hose and gauge set for acetylene torch

[$ 50] One large blacksmith anvil

[$ 15] One large shop vise

[$ 50] One complete set farrier tools and some extra hoof trimmers

[$ 300] One Custom made (roughout leather) brown cutting saddle

[$ 150] One Custom made stock saddle – black (name Hallmark is carved on top of cantle)

[$ 200] One carved stock saddle brown with white saddle stitching trim

[$ 40] Two Antique McClellan saddles

[$ 25] Two New saddle pads and several older ones

[$ 40] One Show bridle – braided headstall and reins (red, white and blue faded)

[$ 50] One Tan leather show bridle

[$ 10] One Show halter – brown nylon with rhinestone settings – lead to match

[$ 10] Several breaking bits

[$ 10] One light breaking hackamore

[$ 40] Two heavy breaking hackamores

[$ 30] Three breast harnesses

[$ 25] One Beartrap stock bridle

[$ 20] Two Regular stock bridles

[$ 20] Approximately 8 to 10 various size halters (nylon, leather and cotton Johnson halters)

[$ 20] Approximately 6 halter leads (2 heavy leather stud leads with approximately 24 inch chain shanks)

[$ 25] Two wool navajo saddle blankets (one new)

[$ 20] One Chest of drawers

[$ 20] One Sleeping bed and foam rubber mattress

[$ 15] One Norelco electric shaver

[$ 20] Various silver mens jewelry

[$ 60] 3 to 4 pairs of boots

[$ 200] Various personal clothing

[$ 25] One handmade hunting knife and scabbard

[$ 10] One Saddle scabbard for rifle

[$ 10] One Handmade hatchet – (black handle)

[$ 20] Several horse show trophies and ribbons

[$ 20] One Set homemade fireplace tools and stand

[$ 15] One Bootjack made from horse shoes

[$ 15] Three sets of wooden bookshelves (handmade)"