**Esther FALLIN, Plaintiff-Respondent,**

v.

**Grant V. McCLAIN and Patricia Jo McClain, Defendants-Appellants.**

**No. 12447.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 3, 1982.

Loren R. Honecker, Springfield, for defendants-appellants.

Ivella McWhorter Elsey, Robert M. Sweere, Springfield, for plaintiff-respondent.

PER CURIAM.

This appeal must be dismissed because, for lack of a final judgment, it is premature. "A judgment is the final determination of the right of the parties in the action." § 511.020.[1] With exceptions not applicable here, § 512.020 requires, as a predicate for an appeal, "any final judgment in the case."

"[N]o matter how many counts there may be in a petition, there can be but one final judgment in the case. That judgment may be for one party on one count, and for the other party on the other count, but it must all be expressed in one judgment." *Russell v. St. Louis & Suburban Ry. Co.,* 154 Mo. 428, 432, 55 S.W. 454, 455 (1900). "Generally, there can be but one judgment in a case and a judgment is not final for the purposes of appeal unless it disposes of all counts in the petition." *Hallmark v. Stillings,* 620 S.W.2d 436, 437 (Mo.App.1981). See also *Lester v. Dyer,* 518 S.W.2d 213, 218 (Mo. App.1974); *Hance v. St. Louis-San Francisco Railway Co.,* 283 S.W.2d 879, 881[5, 6] (Mo.App.1955). *Hallmark* points out, however, that "where the disposition of one count and the entry of a general judgment thereon serves to dispose of and settle all questions, eliminates all issues between the parties and precludes a recovery on the other count, there is a final judgment for the purposes of appeal."

In the instant action plaintiff Esther Fallin filed a document entitled "Petition for Ejectment, Rent and Possession," against defendants Grant V. McClain and Patricia Jo McClain, his wife. The petition contains two counts. Count I seems to be based on the theory that plaintiff, as the owner of an undivided ⅕ interest in the land in controversy, was ousted from possession and

1. All references to statutes are to RSMo 1978, V.A.M.S.

thereby damaged by defendants who claim to be the owners of an undivided ⅕ interest and thus (at least if defendants' claim of ownership be valid) tenants in common with plaintiff. See § 524.090. The prayer of Count I was for "an order giving Plaintiff possession of said premises" and damages in the sum of $5,000.

The allegations of Count II, some of which are inconsistent, include the following: Plaintiff is *the* owner of the land; defendants are the lessees of the land under a tenancy from month to month at a rental of $1,000 per month; "said rental is now in arrears" and defendants have refused to pay rent although plaintiff has demanded payment. The prayer of Count II was for an order that plaintiff "be put in possession" of the land, and for $1,000 "as accrued rent."

Defendants' answer "admitted" that defendants are the owners of a ⅕ interest in the farm and denied all other allegations of the petition.

The "judgment" of the trial court fails to show a specific disposition of either count of the petition. The judgment makes no reference to either count. The judgment did find that plaintiff is the owner of an undivided ⅕ interest in the land and, as such, "is entitled to possession of an undivided ⅕ interest of said real estate, but not to the exclusive possession of the entire tract." The foregoing portion of the judgment seems to address some of the issues raised by Count I. The judgment also awarded plaintiff "for rental of the premises, the sum of $200 per month beginning November 13, 1979, to date." Since only Count II mentioned "rentals," that portion of the judgment seems to address some of the issues raised by Count II.

This case does not fall within the exception mentioned in *Hallmark*. As stated in *Hance*, "In the present state of the record the trial court should set aside the judgment and enter a new judgment expressing the judgment on both Counts I and II. After a final judgment has been entered determining both counts either or both par-

ties may then appeal therefrom if they so elect."

The appeal is dismissed.

TITUS and PREWITT, JJ., concur.

GREENE, J., disqualified.