**STATE of Missouri, ex rel. John CHANEY, Plaintiff-Appellant,**

v.

**J. Michael BROWN and Fayla Hoover, Defendants-Respondents.**

No. 13420.

Missouri Court of Appeals,
Southern District,
Division Two.

July 9, 1984.

Dan K. Purdy, Osceola, for plaintiff-appellant.

John A. Parks, Humansville, for defendants-respondents.

PREWITT, Chief Judge.

■ Plaintiff appeals from an order quashing a preliminary writ of prohibition.[1] The preliminary writ was directed to Polk County Associate Circuit Judge J. Michael Brown to prevent him from proceeding further in a case styled Fayla Hoover v. Betty Neill and John Chaney. The order of the trial court quashing the preliminary writ is an appealable order. *State ex rel. Charter Bank of Jennings v. O'Toole*, 638 S.W.2d 321, 322 (Mo.App.1982).

In the underlying action, Judge Brown entered a judgment on December 16, 1981, in favor of Fayla Hoover against appellant John Chaney and Betty Neill requiring "that Defendants return possession of the 1959 Came mobile home, Serial Number

---

1. This case was filed during the period when the person seeking relief in prohibition proceedings was designated plaintiff and the person against whom relief was sought the defendant. They are now again called relator and respondent. Rule 97.02

5947103465373 to Plaintiff or, if the delivery cannot be had, that Plaintiff recover the value of said property, to-wit: the sum of Three Thousand and no/100 Dollars".

Hoover sought execution to recover $3,000 from appellant without trying to recover the mobile home. Appellant contends that Hoover refused to take the mobile home and instead insisted upon receiving $3,000. To that end the execution she requested was used to levy upon other property of appellant. Appellant filed a motion to quash the execution and levy which Judge Brown sustained.

Hoover then moved the judge to amend the judgment and on April 19, 1982, he did so providing that "Plaintiff may elect to take the value of the mobile home, $3,000.00 in lieu of the mobile home". An execution seeking $3,000.00 was then issued at Hoover's request and property of appellant was levied upon. Appellant then sought and received a preliminary writ issued by the Circuit Judge of Polk County, stopping those proceedings. Venue was later changed to Cedar County.

At a hearing after the issuance of the preliminary order, the trial court found that the amendment to the judgment was void but that Hoover had a right under Rule 99.12 and § 533.120, RSMo 1978, to collect the value of the mobile home in lieu of taking it. Rules 99.12 and 99.13 are set out below.[2]

■ By statute, superseded by the supreme court rules just referred to, a successful plaintiff in a replevin action, not in possession of the property in question, has the option of recovering the property or its value.

■ Statutes and court rules affecting a judgment become a part of it and must be read into the judgment as if an express provision to that effect were inserted in it. *Ginn v. Penobscot Company*, 342 A.2d 270, 276 (Me.1975). See also *Blair v. Durham*, 139 F.2d 260, 261 (6th Cir.1943); 49 C.J.S. Judgments § 436, p. 869.

■ As the rules affecting a replevin judgment and giving the plaintiff an option to recover the property or its value are part of the judgment, having received a judgment which sets forth the item which she was entitled to recover and its value, Hoover should have the right to elect which option to pursue. See *Hallmark v. Stillings*, 620 S.W.2d 436, 438 (Mo.App.1981).

■ The portion of the judgment seemingly requiring Hoover to attempt to take the mobile home, and then, only if it could not be possessed, to recover its value, was in conflict with a right given her under the rules. If construed as appellant contends, the judgment not only did not give her that right but took it from her.

We construe the judgment as including the rule, and resolve the conflict by applying the judgment as it should have been entered. See *First National Bank of Colorado Springs v. Mark IV Co.*, 591 S.W.2d 63, 69 (Mo.App.1979). No reason appears why Hoover should have been denied the right to elect and as the rule clearly gives her that option the judgment must be applied as containing that right.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.

---

**2.** *Rule 99.12. Party and Sureties, If Any—Findings and Judgment*

When the court or jury finds that a party not in possession of the property is entitled to possession of the property the value of the property shall be determined and damages for the taking, detention or injury may be assessed. The judgment shall be against the party and his sureties for the return of the property or the value of the property, at the election of the party entitled to possession, and for damages assessed for the taking, detention or injury.

*Rule 99.13. Election of Prevailing Party—When and How Made*

The prevailing party shall not be required to make an election between the return of the property or the payment of the value thereof assessed by the court or jury until the property is in the possession of the sheriff and notice thereof is given by the sheriff to the prevailing party. Service of the notice may be made as provided in Rule 43.01. The prevailing party shall have ten days after the service of the notice to make an election to receive the value of the property assessed by the court or jury. The election must be in writing and shall be filed with the clerk of the court.