Tom **SMITH** and **Modena Motor Cars and Truck Center, Inc.,**
Plaintiffs-Respondents-Appellants,

v.

Roy **RICHARDSON** and **Lorraine Richardson,**
Defendants-Appellants-Respondents.

Nos. 14513, 14317.

Missouri Court of Appeals,
Southern District,
Division One.

April 29, 1986.

Janet K. Brown, Greenville, for plaintiffs-respondents-appellants.

Randy P. Schuller, Hackworth & Schuller, Piedmont, for defendants-appellants-respondent.

GREENE, Judge.

Plaintiff, Modena Motor Cars and Truck Center, Inc. (Modena), and defendants, Roy Richardson and Lorraine Richardson, his wife (Richardsons), appeal from the trial court's order in a replevin suit which ordered the Richardsons to deliver possession of a 1981 Ford Club Wagon van to Modena, which Modena had sold to the Richardsons.

Modena contends that the trial court erred by not declaring the value of the van and not giving Modena the option of taking the van or having a judgment for its value. Modena also claims the trial court erred in declaring that the sales contract on which it based its replevin suit had been rescinded.

The Richardsons claim that since the contract had been rescinded, Modena did not have a perfected security interest in the van, as provided in the sales contract, and therefore, had no legal basis for its replevin suit.

There is little dispute about the pertinent facts. On July 14, 1984, Modena sold a Ford Club Wagon van to the Richardsons who, at that time, were living in Florida. The sales contract was in writing and signed by the parties, as required by Florida Statute 672.201 (1969) (formerly § 672.2-201), for the reason that the sale price of the van exceeded $500. The contract recited that the van was a 1982 model and that the sale price was $13,022.45. The Richardsons made a down payment of $6,400, consisting of credit on the trade-in of a 1974 Buick convertible valued at $1,400, and $5,000 cash. They financed the balance of $7,201.40, which included the price of an extended repair service warranty and required documentary stamps. The terms provided that this balance, plus interest and finance charges, was to be paid in 54 monthly installments of $199.94, beginning August 27, 1984. The contract contained a standard security agreement clause, which recited that in the event the payments were not made on schedule, Modena had the option of declaring the Richardsons in default and repossessing the van.

It was later discovered that the van was a 1981 model, rather than a 1982 as represented in the sales contract. Modena claimed the misrepresentation was an honest mistake, as the person who had consigned the van to Modena for sale had represented the van to be a 1982 model. Modena offered to deduct $1,000 from the purchase price of the van, or rescind the contract. The Richardsons' attorney drafted a proposed rescission agreement which specified that the Richardsons would return the van to Modena, and Modena would return the Buick and $5,000 cash to the Richardsons, plus reimburse them $689.48 for amounts spent for van repairs and insurance. The proposed rescission agreement was never executed by either party.

The Richardsons took the van to Modena's car lot, but balked at giving it to Modena, claiming that parts were missing from the Buick, such as the battery, a "door post," and a "boot" for the convertible top. An argument ensued, after which Richardson drove away. From the record, it appears that the Richardsons filed some sort of lawsuit against Modena in the Florida courts, but since copies of the pleadings are not contained in the legal file here, or outlined in the briefs, we do not know the issue in that litigation. The Richardsons later moved to Piedmont, Missouri, taking the van with them.

The Richardsons did not make any payments that were due on the van, so Modena sent its agent, Tom Smith, to Missouri to

attempt to recover the van. He filed a replevin action in the circuit court of Wayne County on the behalf of himself and Modena. The petition stated that the Richardsons were in default on their payments under the sales contract, and that plaintiffs were entitled to possession of the van by reason of the default. The petition also alleged that the value of the van was $9,000, and that Modena had been damaged in the amount of $500 by reason of the unlawful detention of the van. The prayer in the petition was for delivery of the van plus $500 damages for wrongful detention, or alternatively, for the van's value of $9,000 if the delivery of the van were impossible.

The Richardsons' answer was a general denial. Rescission of the sales contract was not raised as an affirmative defense in the answer, as is required by Rule 54.08.[1]

The case was court-tried, after which the trial court made findings of fact, conclusions of law, and entered an order, all of which are attached to this opinion as Exhibit A. In the order, the sheriff of Wayne County was directed to take possession of the van and deliver it to Modena. The order did not set a value on the van, or give Modena the option of receiving the van or having a money judgment for its value. Rules 99.12 and 99.13 mandate such an order. Failure to follow the dictates of those rules, and entry of an order decreeing possession only results in an incomplete order or judgment that does not dispose of all the issues, and which, therefore, is not final. *Hallmark v. Stillings,* 620 S.W.2d 436, 437–438 (Mo.App.1981).

We are also of the opinion that the trial court erred in holding there had been a rescission of the sales contract. A sales contract, such as the one here, which falls within the statute of frauds because it involves property worth $500 or more, can only be rescinded by a written agreement signed by the party against whom rescission is sought. This is true under Florida law, where the purported rescission took place (Fla.Stat. § 672.209 (1969), formerly § 672.2–209), as well as under Missouri law (§ 400.2–209, RSMo 1978), where the suit was brought. There is no evidence that the requirement of a signed written contract of rescission was waived by either party.

The document prepared by the Richardsons' attorney was not a valid rescission agreement, since it was not signed by either of the parties, but merely evidenced an attempted settlement of a dispute. This effort failed.

Modena pleaded and proved the sales contract, security agreement, and the Richardsons' default. It was entitled to a judgment for immediate possession of the van, or, at its option, a judgment for its value, plus, in either case, damages for wrongful detention by the Richardsons. *Monarch Loan Co. v. Anderson Transmission Service,* 361 S.W.2d 328, 332 (Mo. App.1962). Such judgment, of course, would not affect the merits of any claim the Richardsons have pending in the Florida courts because of the incident in question.

The findings, conclusions and order of the circuit court are set aside, and the cause remanded for further proceedings consistent with this opinion.

TITUS, P.J., and FLANIGAN, J., concur.

EXHIBIT A

This cause came on for hearing on April 11, 1985 and after hearing the evidence of the parties, the Court found the issues against Plaintiff Tom Smith and for Defendants, since it appeared to the Court that Plaintiff Smith was not a party in interest and had no standing to sue.

Thereafter on April 25, 1985, Plaintiff Modena Motor Cars and Truck Center, Inc. filed its Memorandum of law and on April 26, 1985, Defendants responded with a Memo dated April 23, 1985. Though neither of the parties have specifically requested Findings and Conclusions, this

---

1. Missouri Rules of Court, V.A.M.R.

cause is of such a nature that the Court believes the Judgment herein cannot be understood without them. The findings are as follows:

1. On September 19, 1984 Plaintiffs filed their Petition in Replevin in the Associate Division of this Court, together with an Affidavit to obtain immediate possession and a suitable bond. Defendants filed a suitable re-delivery bond. The action was transferred to Division I on Defendants Motion, because the amount in controversy exceeded the jurisdictional limit of the Associate Division, and the cause was thereafter assigned to this Judge for disposition by the Presiding Circuit Judge.

2. Plaintiff Modena Motor Cars and Truck Center, Inc., hereafter called Plaintiff, is a Florida Corporation in the business of buying and selling motor vehicles.

3. Plaintiff offered a 1981 Ford Club Wagon Van, hereafter called "the Van", for sale at its place of business in Plantation, Florida. Plaintiff had obtained the Van on consignment and represented the Van to be a 1982 model.

4. Defendants purchased the Van on July 14, 1984, giving Plaintiff $5,000.00 cash and a 1974 Buick Le Sabre valued at $1,400.00 leaving a remaining cash value difference of $6,622.45 due on the Van.

5. The parties discovered that the Van was in fact a 1981 model rather than a 1982 model as represented and through Florida counsel agreed to rescind their deal. The rescission was reduced to writing and speaks for itself.

6. Defendants took the Memorandum of the rescission to Plaintiff's intending to exchange vehicles, obtain the funds due them and sign their agreement.

7. When Defendants arrived at Plaintiffs place of business the Buick had a different battery and one of the doors would not stay closed. The "boot" for the convertible top was missing and upon Defendant, Roy Richardsons complaint other cars were driven in front of and behind the Van in a way that Defendants perceived would block the van on the lot.

8. Defendants got into the Van, drove it over a curb, out of the lot and eventually to Wayne County, Missouri.

9. There was some evidence that Defendant Roy Richardson is a Missouri Car Salesman, but that evidence did not relate to the time of the incident herein found to have occurred, and therefore the Court is viewing this action as a "Consumer-Dealer" transaction, rather than a "Dealer-Dealer" transaction, i.e. "between merchants." (UCC 2–104(3).

## CONCLUSION

A. The Court finds that a rescission has taken place through counsel, but that the Plaintiff having agreed to restore Defendants to their former position created, or attempted to create, an unjust and material change in the position of the parties in violation of the clear intents of UCC 2–209(5) leaving Defendants with their remedies under 2–720 and otherwise. These matters are pending in a Court of original jurisdiction in Florida.

B. A rescission, in this Court's view, places the right to possession of the Van in Plaintiff, but destroys any claim for damages Plaintiff may have had under the Original Contract.

C. Plaintiff has not pleaded or proved damages under the rescission.

## ORDER

It is therefore Ordered, that the Sheriff of Wayne County take possession of the Van, VIN MEE11G3BHA94187, and deliver it to Plaintiff. Costs against Plaintiff.

/s/ George J. Pruneau
George J. Pruneau
Associate Circuit Judge
Wayne County, Missouri