**COMMERCE BANK OF SPRINGFIELD,**
**Plaintiff–Respondent,**

v.

**Steven A. GREEN, Eileen L. Green, Bill L. Green, and Donna L. Green, Defendants–Appellants.**

**No. 15676.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 21, 1988.

Cheryl A. Capages, Springfield, for defendants-appellants.

Theodore L. Johnson, Kendall R. McPhail, Lowther, Johnson, Lowther, Cully & Housley, Springfield, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

This appeal must be dismissed for the reason that the "judgment" appealed from

is not a final judgment within the meaning of § 512.020 [1] and this court lacks jurisdiction.

Plaintiff-respondent Commerce Bank of Springfield brought this action against defendants-appellants Steven A. Green, Eileen L. Green, Bill L. Green, and Donna L. Green. On March 4, 1985, the four defendants executed a promissory note in favor of the bank ("Note A"). On the same date defendants Steven A. Green and Eileen L. Green executed a security agreement granting the bank, as security for Note A, a security interest in "One (1) 1982 Freightliner, No. 1FUPYSYBXCP205595" ("the Freightliner").

On July 9, 1985, the four defendants executed another note ("Note B") in favor of the bank. On the same date defendants Steven A. Green and Eileen L. Green executed a security agreement giving the bank a security interest in "One (1) Freightliner Kit, Model 12064T, No. 1FV9YOY96FH272344" ("the Kit"). Note B recited that it was secured by both the security agreement of March 4, 1985, and the security agreement of July 9, 1985. On October 9, 1985, the four defendants executed a note ("Note C") in favor of the bank, and that note recited that it was secured by the two security agreements.

The bank filed a six-count petition against the four defendants. Count I sought to replevy the Freightliner. Both Count III and Count V sought to replevy the Freightliner and the Kit. Count II sought a monetary judgment for the unpaid balance of Note A plus interest and attorney's fees. Count IV sought similar relief on Note B and Count VI sought similar relief on Note C. The defendants filed an answer and a two-count counterclaim.

On January 20, 1988, the trial court sustained a motion for summary judgment filed by the bank and entered a "judgment" purportedly finding in favor of the bank and against all defendants on all counts of the petition and in favor of the bank and against the four defendants on both counts of the counterclaim.

That portion of the "judgment" pertaining to Count I of the petition reads:

"It is therefore,

ORDERED, ADJUDGED and DECREED that Plaintiff have judgment against Defendants on Count I of the Petition for Replevin of the following described property, to-wit: [the Freightliner]."

On Count III and Count V a similar entry was made except the described property consisted of both the Freightliner and the Kit. The "judgment" also made monetary awards on Counts II, IV, and VI.

The penultimate paragraph of the "judgment" reads:

"IT IS FURTHER ORDERED by the Court that upon replevin of the property described in Counts I, III and V, plaintiff shall satisfy or partially satisfy the judgments rendered on Counts II, IV and VI with the sums produced from proper disposition of the property replevined."

A judgment which is indefinite is void and unenforceable. *Luna v. Grisham*, 620 S.W.2d 427, 428[1] (Mo.App. 1981). (Citing authorities.) A judgment must be in such form that execution may issue without requiring external proof and another hearing. *Wyma v. Kauffman*, 665 S.W.2d 82, 83[2] (Mo.App.1984); *Luna v. Grisham*, supra, at 428[2]. The penultimate paragraph of the "judgment" violates those principles.

"The right of appeal is purely statutory. [Sec. 512.020] governs who may appeal a case from the trial court and when. Insofar as pertinent here, it provides that any aggrieved party may appeal 'from any final judgment in the case.' In deciding what constitutes a final judgment, our courts have stated repeatedly 'that, since an appeal must be from a final judgment (with specified exceptions), the trial court must have disposed of all issues and all parties.' This

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

requirement that all issues and all parties have been disposed of is for the purpose of avoiding piecemeal presentation of cases on appeal, except where specifically so authorized." (Authorities omitted.)

*Bolin v. Farmers Alliance Mut. Ins. Co.,* 549 S.W.2d 886, 889 (Mo. banc 1977).

Rule 99.12 contains this requirement: "... The judgment shall be against the party and his sureties for *the return of the property or the value of the property, at the election of the party entitled to possession....*" Usually the value to be determined is the property's value at the date of trial but that is not true where the property has been destroyed, sold, or dissipated so that no value can be put upon it at the time of trial. *Coonis v. Rogers,* 429 S.W.2d 709, 717[18] (Mo.1968); *Williams v. McGill,* 705 S.W.2d 636, 640[3] (Mo.App. 1986); *Phillips v. Ockel,* 609 S.W.2d 228, 232[10] (Mo.App.1980).

■ Where, as here, the trial court finds that a party not in possession of the property is entitled to possession of it, the court or, as the case may be, the jury is *required* to determine "the value of the property." Rule 99.12. The rule also *permits* the assessment of damages for the taking, detention, or injury of the property.

Rule 99.13 prescribes the manner in which the prevailing party makes his election between the property itself or an award of its value. The election must be in writing and filed with the clerk of the court. No such election is contained in the instant record.

In *Smith v. Richardson,* 709 S.W.2d 529 (Mo.App.1986), one Modena brought a replevin action to obtain possession of a van held by defendants. After a nonjury trial the court entered an order directing the sheriff to take possession of the van and deliver it to Modena. At p. 531[1] this court said:

"The order did not set a value on the van, or give Modena the option of receiving the van or having a money judgment for its value. Rules 99.12 and 99.13 mandate such an order. Failure to follow the dictates of those rules, and entry of an

order decreeing possession only results in an incomplete order or judgment that does not dispose of all the issues, and which, therefore, is not final. *Hallmark v. Stillings,* 620 S.W.2d 436, 437–438 (Mo.App.1981)."

The trial court failed to make a determination of the value of the Freightliner. The trial court failed to make a determination of the value of the Kit. There is no showing that the bank was afforded the opportunity to make the election set forth in Rule 99.12 and Rule 99.13. No written election was filed with the clerk.

After the proceedings in the trial court have resumed, if the bank emerges as the prevailing party and the requirements of Rules 99.12 and 99.13 are met, the entry of a proper judgment with respect to Count I may well affect the disposition of the other counts of the petition.

The appeal is dismissed.

HOGAN, MAUS, and PREWITT, JJ., concur.