PLATINUM EXPRESS,
INC., Respondent,

v.

Kendall SCOTT d/b/a Scott
Transportation,
Appellant.

No. WD 64250.

Missouri Court of Appeals,
Western District.

June 14, 2005.

George S. Miller, Esq., Maryville, MO, for Appellant.

George E. Proctor, Jr., Liberty, MO, for Respondent.

Before NEWTON, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

HAROLD L. LOWENSTEIN, Judge.

"Kendall Scott d/b/a Scott Transportation" (Scott) appeals from the judgment entered in favor of respondent Platinum Express, Inc. Scott asserts three points on appeal: (1) the trial court erred in denying his motion to dismiss or transfer for lack of proper venue; (2) the trial court erred in failing to make a record of the hearing when judgment was entered in favor of Platinum Express; and (3) the trial court erred in awarding attorney's fee because there was no statutory or contractual basis for awarding such fees.

### FACTS

This appeal arises from a contract dispute between Platinum Express, Inc. and Scott. Platinum Express filed this breach of contract action in DeKalb County seeking a refund for a $3,050 overpayment to Scott.[1] Scott was subsequently served in Audrain County. In response, Scott filed

---

1. Platinum Express' petition also asserted an action on account and a claim of quantum meruit. However, Platinum Express voluntarily dismissed both counts prior to trial.

a "Motion to Dismiss or Transfer for Improper Venue" and asserted that he was an individual residing in Audrain County. The trial court denied the motion. After Scott failed to appear for trial, the trial court entered judgment in favor of Platinum Express, awarding it $3,050 in damages and $450 attorney's fees.

## ANALYSIS

■ Scott's first point on appeal alleges that the trial court erred in denying his motion to dismiss or transfer for lack of proper venue. The standard of review in a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Accordingly, the trial court's judgment will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ Venue is determined solely by statute. *State ex rel. Smith v. Gray*, 979 S.W.2d 190, 191 (Mo. banc 1998). The general venue statute, Section 508.010,[2] provides that when the defendant is a resident of the state, venue is proper in the county where either: (1) the defendant resides; or (2) the plaintiff resides and the defendant may be found. Here, Scott is not a resident of DeKalb County and was not served there. Therefore, venue was not proper in DeKalb County.

Platinum Express argues that venue is also proper where the breach of contract occurs. However, the cases that respondent cites are not applicable because they involve a breach of contract claim involving a corporate defendant. When the defendant is an individual and the plaintiff's claim is based on contract, venue is determined by Section 508.010(1). *State ex rel.*

*Drienik v. Clifford*, 944 S.W.2d 266, 267–68 (Mo.App.1997). Here, the defendant Scott is an individual and not a corporation.[3] Since venue was not proper in DeKalb County, where the breach of contract allegedly occurred, the trial court erred in applying the law by not transferring this case to Audrain County, where Scott resides. Furthermore, because resolution of Scott's first point is dispositive, this court need not address the remainder of appellant's points on appeal.

The judgment is reversed and remanded with instructions for the trial court to transfer the case to Audrain County Circuit Court.

All concur.

---

2. All statutory references are to RSMo. (2000) unless indicated otherwise.

3. In its petition, Platinum Express alleges "[t]hat the [d]efendant is an individual d/b/a Scott Transportation."