**Charles John LAFAYETTE,
Appellant–Respondent,**

v.

**Ralph Austin COURTNEY,
Respondent–Appellant.**

**Nos. WD 65153, WD 65202.**

Missouri Court of Appeals,
Western District.

April 25, 2006.

Stanley B. Cox, Sedalia, MO, for Appellant–Respondent.

Larry A. Schaffer, Independence, MO, for Respondent–Appellant.

Before: SMART, P.J., ULRICH and HARDWICK, JJ.

PER CURIAM.

Charles John Lafayette appeals and Ralph Austin Courtney cross-appeals the judgment of the Jackson County Circuit Court. The judgment ordered Courtney to return to Lafayette a guitar and an amplifier. The judgment further ordered Courtney to pay $10,000.00 in punitive damages.

Lafayette presents two points on appeal. First, he argues the trial court erred as a matter of law in failing to determine the value of the wrongfully detained property. Second, he argues the trial court erred in finding that he failed to plead damages in his first count. Courtney presents one point on cross appeal. He argues the trial court erred in awarding punitive damages without also awarding either actual or nominal damages. We need only address Lafayette's first point, as it is dispositive of the appeal.

## FACTS

This case arose from a dispute over a coin collection, two guitars, and an amplifier. These items originally belonged to Lafayette, who has had a friendship with Courtney since 1965. Lafayette claimed he and Courtney had an agreement whereby Courtney would take these items to his home and research their value using the Internet so that the items could be sold

and the proceeds of the sale divided between the two men. Courtney claimed Lafayette gave him the items as a gift. Lafayette requested Courtney to return the items, and Courtney refused.

Lafayette filed an amended two-count petition against Courtney. Count I alleged Courtney was to inspect the items, ascertain their value, and then return them to Lafayette, and that Courtney had failed to return the items. Count II alleged Lafayette conveyed the items to Courtney, but that the conveyance was without consideration, that Lafayette did not appreciate the consequences of his actions, and that Courtney exerted undue influence to persuade Lafayette to make the conveyance. Lafayette sought recovery of possession of the items, damages resulting from the retention of the items, and punitive damages.

At the beginning of trial, Courtney's counsel moved in limine to suppress any evidence pertaining to the value of the items if that evidence was offered for the purpose of seeking money damages. Courtney's counsel argued the amended petition did not contain a prayer for monetary damages for the value of the items and that the pleadings should not be amended to reflect such a request. The trial court took the objection under advisement. Lafayette subsequently moved to amend his pleadings, and the trial court denied the motion.

After a two-day trial, the court entered a judgment finding in Lafayette's favor on Count I and in Courtney's favor on Count II. The judgment on Count I ordered Courtney to return one guitar and the amplifier to Lafayette and assessed $10,000.00 in punitive damages against Courtney. The court determined that Lafayette failed to meet his burden of proving his "conversion" claim with regard to the coin collection and the second guitar.

The court also found that Lafayette had failed to plead actual damages in Count I. Lafayette appeals from the judgment, and Courtney cross-appeals.

## Standard of Review

The standard of review in this court-tried case is stated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Platinum Express, Inc. v. Scott*, 164 S.W.3d 537, 538 (Mo.App.2005). The trial court's judgment will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* Although we must give deference to the trial court's factual determinations, our review of any error in applying the law is *de novo*. *Langdon v. United Rests., Inc.*, 105 S.W.3d 882, 886 (Mo.App.2003).

## Analysis

In Point I, Lafayette argues the trial court erred as matter of law in failing to determine the value of the wrongfully detained guitar and amplifier.

Rule 99.12 states that when a trial court finds "that a party not in possession of the property is entitled to possession of the property, the value of the property *shall* be determined." Rule 99.12 (emphasis added); *Commerce Bank of Springfield v. Green*, 760 S.W.2d 602, 604 (Mo.App.1988). It further provides that the "judgment shall be ... for the return of the property or the value of the property, at the election of the party entitled to possession." Rule 99.12. Under Rule 99.13, the prevailing party may elect between the property itself or an award of the value of the property. Rule 99.13; *Commerce Bank of Springfield*, 760 S.W.2d at 604.

The judgment in this case found that Lafayette was entitled to possession of a guitar and amplifier, but the court did

not determine the value of these items. Thus, the judgment failed to comply with Rule 99.12.

Courtney strenuously argues that Rules 99.12 and 99.13 apply only to replevin actions and are inapplicable because this was a conversion action. He makes this argument because the judgment states that Count I of Lafayette's petition was for conversion and because the trial court analyzed the matter using the law of conversion. He asserts that, as the judgment was explicitly for conversion, Rules 99.12 and 99.13 have no bearing on the lawfulness of this judgment.

 Replevin and conversion are both remedies. *First Nat'l Bank of Steeleville v. ERB Equip. Co.*, 972 S.W.2d 298, 300 (Mo.App.1998). Conversion is a tort against the right of possession. *Id.* Replevin is a possessory action to obtain property that is in the defendant's possession. *Id.* "Although a plaintiff in a replevin action may seek either the return of the property or damages, in a conversion action, his or her remedy is for damages, not the return of the property." *JCBC, L.L.C. v. Rollstock, Inc.*, 22 S.W.3d 197, 203 (Mo.App.2000). Both conversion and replevin require proof of the same three elements: (1) the plaintiff is entitled to possession of the property; (2) the defendant exercised unauthorized control over the property; and (3) the defendant deprived the plaintiff of its right to possession. *Id.*

Lafayette's amended petition asked the trial court to order Courtney to return his property to him. Further, the judgment ordered Courtney to return a guitar and amplifier to Lafayette. Thus, while the judgment used the word "conversion," it should have used the word "replevin" as replevin is the remedy allowing the return of property to Lafayette's possession. *Id.* Because conversion and replevin require

proof of identical elements, the mislabeling of the remedy has no bearing on the analysis in this opinion. *Id.*

Rule 99.12 requires a value to be placed upon property ordered returned to another. The judgment ordered properties returned to Lafayette but failed to determine the value of the properties. Accordingly, the judgment is reversed and the cause remanded for further determination of the property values consistent with Rule 99.12. On remand, the trial court shall also be permitted to reconsider the availability and amount of punitive damages in light of Lafayette's option to elect for recovery of the property or an award of the property value.