637 S.W.2d 691 (1982)
K.D.R., b/n/f R.J.R., et al., Respondents,
v.
D.E.S., Appellant.
No. 63614.
Supreme Court of Missouri, En Banc.
August 31, 1982.
*692 David A. Koester, Harold L. Holliday, Jr., Kansas City, for appellant.
Judith A. Sharp, Kansas City, for respondents.
BARDGETT, Judge.
The Missouri Court of Appeals, Western District, requested transfer of this appeal to this Court prior to opinion which request was granted.
The principal issue to be decided is whether a party to a suit which seeks a declaration of paternity is entitled to a jury trial on that issue.
K.D.R. is the natural mother of R.J.R., a minor child born in 1969. This suit was commenced by the child R.J.R., through his next friend and mother, and the mother individually, by filing a petition in two counts against the alleged father, defendant D.E.S.
Count I sought a declaration of paternitythat D.E.S. is the natural father and Count II, which is necessarily dependent upon Count I, sought reimbursement for necessary medical expenses incident to the birth in the sum of six hundred twenty-nine *693 dollars ($629.00), future child support, and custody of the child. Defendant, appellant, answered denying paternity. Defendant filed a written and timely request for a jury trial which was denied. The case was tried to the court and the court found appellant to be the father of the child, awarded custody of the child to the plaintiff mother, and ordered the father to pay to the mother future child support in the sum of one hundred twenty-five dollars ($125.00) per month.
The father appealed to the court of appeals, western district, and, as stated above, the cause was subsequently ordered transferred to this Court.
Appellant contends this is a declaratory judgment action brought pursuant to Chapter 527, RSMo 1978, and that he is entitled to a jury trial under the provision of § 527.090, RSMo 1978.[1]
Respondent mother contends the case was not specifically brought as a declaratory judgment action under Chapter 527 but is rather an independent equitable action not governed by Chapter 527 and exists in order to enforce the duty of child support of a father so as to obtain the remedies available to an illegitimate child[2] under this Court's decision in R______ v. R______, 431 S.W.2d 152 (Mo. 1968). R______ v. R______ held that the principles applied by the United States Supreme Court in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), and Glona v. American Guarantee & Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968), would render invalid state action which produces discrimination between legitimate and illegitimate children insofar as the right of a child to compel support by his father is concerned. Illegitimate children, it was held, are to be afforded an equal right with that of legitimate children to require support by their father, R______ v. R______, 431 S.W.2d at 154.
Respondent argues that the language of R______ v. R______ does not require this type of suit to be adjudicated under Chapter 527, the Declaratory Judgment Act.
R______ v. R______ did not undertake to delineate the specific type of proceeding available to a child seeking support from the putative father. It simply declared that the illegitimate child had a right to support from the child's father. Although not so stated, obviously a procedure for enforcement had to be available if the right were to have meaning and one would look to the general law for the appropriate action.
S______ v. W______, 514 S.W.2d 848 (Mo. App. 1974), was a suit wherein the plaintiff, a single woman and mother of a minor child, sought an adjudication that the defendant was the child's father and an award for support and maintenance of the child. The issue of paternity was tried to a jury. There the court held:
Another principle that merits our attention in this case is that Declaratory Judgment Acts (such as ours) afford a proper vehicle for the determination of the parentage and the legal status of a child with regard to a natural or adoptive parent. 26 C.J.S. Declaratory Judgments, § 37, p. 115; Keiser v. Wiedmer, 263 S.W.2d 63, 66 (Mo.App. 1954); State ex rel. Anonymous v. Murphy, 354 S.W.2d 42, 43[2] (Mo.App.1962); In re L______, supra; R______ v. R______, supra. Our statute, Section 527.010 RSMo 1969, V.A. M.S., provides:
"The circuit courts * * * shall have power to declare rights, status and other *694 legal relations whether or not further relief is or could be claimed, * * * and such declarations shall have the force and effect of a final judgment or decree." (Emphasis supplied)
and it is clearly within the scope of this section that such action falls.
Id. at 853. The instant case seeks the same declaration and, among others, the same relief.
S______ v. W______ was followed in N.R. v. R.J.D., 588 S.W.2d 76, 78 (Mo. App. 1979), the court there saying,
An essential element of an action to recover such expenses [lying in expense] is the paternity of the deceased [father].... An action for declaratory judgment is the proper vehicle for determining the legal status of a child as the adoptive child or as the natural child of adoptive or natural parents. S______ v. W______, supra [2] at p. 853[2].
See also In re L______, 461 S.W.2d 529 (Mo. App. 1970), and In re L______, Part II, 499 S.W.2d 490 (Mo. banc 1973), where a declaratory judgment action was brought to determine paternity and obtain child support.
Thus it is seen that the Declaratory Judgment Act (Chapter 527) has been recognized as a readily accessible and convenient procedure for the determination of paternity and to obtain child support if the male party is found to be the child's father. There is no need to provide any new procedures to vindicate the right of an illegitimate minor child.
The Court holds this proceeding is one cognizable under the Declaratory Judgment Act and that the procedures of that Act are to be followed and that the rights of the parties under that Act are to be given effect in this case.
Section 527.090, RSMo 1978, (see footnote 1) has been held to include the right to trial by jury for determination of fact issues. Miller v. Russell, 593 S.W.2d 598, 605 (Mo. App. 1979); Durwood v. Dubinsky, 291 S.W.2d 909, 915 (Mo. 1956); State ex rel. United States Fire Ins. Co. v. Terte, 351 Mo. 1089, 1100, 176 S.W.2d 25, 31 (banc 1943).
In M.F.A. Mutual Insurance Company v. Quinn, 259 S.W.2d 854, 859 (Mo. App. 1953), the western district held that in a declaratory judgment action:
Since determination of the issues involves the determination of facts in a law case all parties were entitled to such determination by a jury (citations omitted) ... The establishment of the existence of certain facts essential to defendants' case depended upon the weight and credibility to be given to the oral testimony of their witnesses, which was for the jury.
Similarly, in State Farm Fire & Casualty Co. v. Powell, 529 S.W.2d 666, 668-669 (Mo. App. 1975), the court stated: "It is well settled that, where necessary to declare legal rights, factual issues may be determined in a declaratory judgment action and a jury may be used for this purpose if requested by either party." Additionally, in Crollard v. Northern Life Insurance Co., 240 Mo. App. 355, 368, 200 S.W.2d 375, 383 (1947), the court, in citing Borchard on Declaratory Judgments, 2d ed., p. 401 (1941), stated "It was not intended that the action for declaratory judgment should interfere with the existing right of a trial of the facts by jury."
The issue as to paternity is purely a fact issue and either party had a right to jury trial on that issue under § 527.090, RSMo 1978. Although the right to jury trial on the paternity issue may not be constitutionally guaranteed, it is afforded by the statute referred to above. Miller, 593 S.W.2d at 605. Section 510.190, RSMo 1978, provides in part, "[t]he right of trial by jury as declared by the constitution or as given by statute shall be preserved to the parties inviolate...." (Emphasis supplied.)
The Court holds that either party to this case had a right to trial by jury on the paternity issue.
The Court is cognizant of the ruling in Miller, that an alleged putative father is *695 not entitled to a jury determination of his paternity when the issue arises under the juvenile code, Chapter 211, RSMo 1978, because the right to jury trial on this matter is purely statutory and is not afforded by § 211.241. Additionally, as argued by the respondent here and noted by the court in Miller, the statutes do not authorize a jury trial in dissolution proceedings under Chapter 452, RSMo 1978, even though an issue as to paternity may arise between husband and wife. Miller, 593 S.W.2d at 605.
In both the juvenile code proceedings and dissolution proceedings the law provides for the determination to be made by the court, not the jury.
Nevertheless, the right to jury trial on a purely fact issue is afforded by the Declaratory Judgment Act and it is that Act that applies to this case.
Section 207.025.5, RSMo 1978, requires prosecuting attorneys, as an official duty of the office, to "litigate or prosecute any action necessary to secure support for any person referred to such office by the division of family services, including, but not limited to, reciprocal actions under chapter 454, RSMo 1978, actions to enforce obligations owed to the state under an assignment of support rights and actions to establish the paternity of a child for whom support is sought." This section merely authorizes and requires a public official to litigate or prosecute the type of matter mentioned, most of which the prosecuting attorney heretofore had no authority to proceed with, but does not abrogate a party's right to jury trial if the legal procedure utilized in the particular matter includes the right to jury trial. And, as previously stated, that right is afforded by statute in declaratory judgment actions as to fact issues.
Appellant also contends respondent failed to adduce sufficient evidence to sustain a determination that he is the father of the child. The testimony was in conflict, as usual, but the evidence was sufficient to warrant a finding of paternity. That finding, however, is not compelled but only authorized and the defendant was entitled to have that determination made by a jury.
The court erred in overruling appellant's request for jury trial on the paternity issue and for that reason the judgment must be reversed and the cause remanded for a new trial.
Reversed and remanded.
DONNELLY, C.J., and RENDLEN, SEILER, MORGAN and HIGGINS, JJ., concur.
WELLIVER, J., concurs in result.
NOTES
[1] "When a proceeding under §§ 527.010 to 527.130 involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."
[2] It is recognized that the term "illegitimate child" is offensive but the Court uses it here for the conveniences of description and clarity.