Wayne T. Schoenberg, St. Charles, for defendant-appellant.

Lee Reneau Elliott, Troy, for plaintiffs-respondents.

**R.T.C., By and Through his next friend
and natural mother, Beverly CUN-
NINGHAM, individually, Plaintiffs-Re-
spondents,**

v.

Anthony **BEARS**, Defendant-Appellant.

No. 48191.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 27, 1984.

KAROHL, Judge.

This is an appeal from a declaration of paternity, custody and child support. The trial court entered judgment that appellant was the natural father of R.T.C., awarded custody to Beverly Cunningham, ordered appellant to pay $350.00 child support retroactive to the date the petition was filed, reimbursed medical expenses and that appellant pay attorney's fees and costs.

The petition was filed on January 24, 1983, the issues were joined by defendant's answer filed on May 3, 1983 and the case was tried to the court without a jury on December 8, 1983.

The docket sheet of the trial court indicates that in September 1983 the plaintiff notified the court the case was ready for trial setting. Defendant filed objections. A second certificate of readiness was filed

by the plaintiff on October 24, 1983. On November 7, 1983 the court set the case for trial as a non-jury matter for December 8, 1983. Defendant was not present on November 7, 1983. When defendant appeared for trial and before the trial began he asserted his right to a jury trial on the authority of Rule 69.01(a) and (b). He filed a formal request for a jury trial. The court declined to rule the matter on procedural grounds relating to timely request and expressly ruled that a party is not entitled to a jury trial on a paternity suit of this type and particularly on the issue of paternity. The trial court was of the opinion that this is primarily an equity action and denied appellant's request for a jury trial.

■ The issue to be decided is whether a party to a declaration of paternity suit is entitled to a jury trial. We hold that appellant was entitled to a jury and remand for further proceedings. § 527.090, RSMo. 1978 provides:

When a proceeding under § 527.010 to § 527.130 includes the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

In *K.D.R. v. D.E.S.*, 637 S.W.2d 691 (Mo. banc 1982) the Supreme Court said "The issue as to paternity is purely a fact issue and either party has a right to a jury trial on that issue under § 527.090, RSMo. 1978. Although the right to a jury trial on the paternity issue may not be constitutionally guaranteed it is afforded by the statute referred to above." *Id.* at 694.

Section 527.010, RSMo. 1978 defines the scope of the Declaratory Judgment Act. It states in part that "The circuit court ... shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." In *K.D.R.* the mother of an illegitimate child sought a declaration of paternity, custody and future child support. The action was not specifically brought under the Declaratory Judgment Act. The court however found the Act applied and that therefore

either party had a right to trial by jury on the paternity issue. The court distinguished those cases in which the issue of paternity was raised during a juvenile code proceeding or in a dissolution proceeding. In such cases although paternity is an issue the relevant statutes do not provide for a jury trial on the issue.

The facts in *K.D.R.* are strikingly similar to the present case. Here respondent's mother seeks a declaration of paternity, custody, reimbursement for medical expenses and future child support. There as here recourse under Chapter 527 was not expressly pleaded. We find that *K.D.R.* governs this case and that therefore the present action falls within the Declaratory Judgment Act. A proceeding under that Act to declare paternity requires a jury determination of the fact issues unless a jury trial is waived. The trial court made no determination of waiver and we find nothing in the record to indicate that appellant affirmatively waived his right to a jury trial. The appellant never waived his right nor did he consent to a non-jury trial on the issue of paternity or on the issues of past child support or reimbursement for medical expenses.

■ The issue of the award of future child support is on a different footing. "The court's authority to award ongoing future support is equitable in nature; therefore this aspect of the case is for the court and should not be submitted to the jury." Missouri Family Law, Third Edition § 18.16. "Due to the inadequacy of the common law, courts have exercised their equitable jurisdiction in awarding child support decrees guaranteeing adequate support for minors before the expense is incurred. The power is said to come from the court's inherent equitable power to care and provide for minors. *Urbanek v. Urbanek*, 503 S.W.2d 434 (Mo.App.1973). The purpose of this procedure is to obviate the expense and delay of independent actions until after the expense is incurred on the minor's behalf. (citations omitted). Therefore a mother has the option, if she wishes, to seek support before the expense is in-

curred, [an] equitable remedy, or furnish the necessary support and then seek a legal remedy to recover the reasonable value of her expenses." *McNulty v. Heitman,* 600 S.W.2d 168, 172 (Mo.App.1980).

We vacate the judgment of the trial court and remand for a jury trial on the issues of fact relating to paternity, past child support and reimbursement of expenses. In the event of a verdict favorable to the plaintiffs on the issue of paternity the court may consider the issue of future child support.

PUDLOWSKI, P.J., and GAERTNER, J., concur.