**KEMP CONSTRUCTION CO.,**
Plaintiff–Appellant,

v.

**LANDMARK BANCSHARES CORPO-
RATION and Landmark Bank of
St. Charles, Defendants–Respondents.**

No. 56749.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 2, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 6, 1990.

Application to Transfer Denied
March 13, 1990.

Eugene Portman, Clayton, for appellant.

Jason M. Rugo, Charles Alan Seigel III, Thomas P. Hohenstein, St. Louis, for defendants-respondents.

STEPHAN, Judge.

Appellant, Kemp Construction Co., filed a petition for specific performance alleging that respondent Landmark Bancshares Cor-

poration ("Landmark") breached an oral agreement for the sale of certain partially developed real estate, known as the Arbor Glen Subdivision, and that Landmark also breached a related oral promise to finance appellant's acquisition and completion of construction. Respondent Landmark Bank of St. Charles ("Landmark St. Charles"), a subsidiary of Landmark, was joined as a defendant because it held the note and deed of trust secured by the property. The trial court entered an order of summary judgment in favor of respondents and Kemp appeals.

Arbor Glen Development Corporation (an affiliate of Lieberman Corporation) defaulted on its note and Landmark St. Charles commenced foreclosure proceedings. Prior to the scheduled foreclosure sale, Landmark began to search for a builder to complete construction on the property. In connection with this search Landmark had discussions with several area builders, including appellant. Interested builders were provided with a document entitled "Arbor Glen Subdivision Fact Sheet" which contained data of interest to a prospective builder. The front page of the report contained a clearly marked disclaimer which stated, in part, "[b]ank is furnishing this data strictly for informational purposes and to assist a prospective purchaser in its individual evaluation and analysis of the Arbor Glen project."

Two of appellant's principals, Joe and Fred Kemp, met with Thomas Kaminski, Senior Vice–President of Landmark, on several occasions. They discussed details of the property, including a bank loan. On February 28, 1989, Landmark St. Charles purchased the property at the foreclosure sale. A few days later respondents reached an agreement with McBride and Sons, an area builder and developer, for transfer of the property and completion of the subdivision.

Appellant claims it entered into a contractual agreement with respondents on February 17, 1989 for transfer of the property. It further alleged that respondents agreed to lend appellant $3.8 million. This loan was to extend over a period of twenty-four months and carry interest at "the then prime rate of interest at [Landmark]."

Appellant also alleged that it agreed to honor retail residential sales contracts, already signed, as part of its consideration for the contract. Further, and in reliance on the contract, appellant began to perform its obligation under the contract including inspection of the construction sites, checking public records, and contacting display home representatives and sales representatives of the prior developer.

In its first point, appellant claims that summary judgment was improper because the pleadings and affidavits presented to the trial court raised a genuine issue of material fact; that the oral contract alleged came within an exception to the Statute of Frauds.

In considering a motion for summary judgment the trial and appellate courts scrutinize the record in the light most favorable to the party against whom the motion for summary judgment is requested and must accord that party the benefit of every doubt. *White v. American Republic Insurance*, 726 S.W.2d 357, 360 (Mo.App. 1987). Summary judgment is only proper when the pleadings, depositions, admissions and affidavits on file indicate there is no genuine issue of material fact. *Olson v. Auto Owners Insurance Company*, 700 S.W.2d 882, 884–885 (Mo.App.1985). Summary judgment is deemed a drastic remedy and a court must exercise great care in awarding it because it borders on a denial of due process. *Dulany v. Missouri Pacific Railroad*, 766 S.W.2d 645, 647 (Mo.App. 1988). It will not be set aside on review, however, if it is supportable on any theory. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 243 (Mo. banc 1984).

■ An oral agreement for the sale of land comes squarely within the Statute of Frauds. § 432.010, RSMo 1986. The express and clear language of the statute makes an oral contract to convey real estate generally unenforceable. *Jones v. Linder*, 247 S.W.2d 817, 819 (Mo.1952). An oral contract may be enforced, however, if application of the statute will work a fraud on the party who relies on the contract. *Holt v. Story*, 642 S.W.2d 394, 396 (Mo. App.1982). This exception is seldom used

and only upon clear and convincing proof of a definite agreement. *Gegg v. Kiefer*, 655 S.W.2d 834, 837 (Mo.App.1983).

The elements of proof required for specific performance of an oral contract for the sale of land are:

> (1) the alleged oral contract must be clear, explicit, and definite; (2) it must be proven as pleaded; (3) such contract cannot be established by conversations either too ancient on the one hand, or too loose or casual upon the other; (4) the alleged oral contract must itself be fair, and not unconscionable; (5) the proof of the contract as pleaded must be such as to leave no reasonable doubt in the mind of the chancellor that the contract as alleged was in fact made, and that the full performance, so far as lies in the hands of the parties to perform, has been had; (6) and the work constituting performance must be such as is referable solely to the contract as sought to be enforced and not such as might be reasonably referable to some other and different contract; (7) the contract must be one based upon an adequate and legal consideration, so that its performance upon the one hand, but not upon the other, would bespeak an unconscionable advantage and wrong, demanding in good conscience relief in equity; (8) proof of mere disposition to devise by will or convey by deed by way of gift, or as a reward for services, is not sufficient, but there must be shown a real contract to devise by will or convey by deed made before the acts of performance relied on were had.

*Id.*, quoting *Walker v. Bohannon*, 147 S.W. 1024, 1028 (Mo.1912). The failure to adequately plead or prove any of the elements necessary to invoke the exception to the Statute of Frauds is fatal to the petition. *Holt*, 642 S.W.2d at 396.

▪▪▪ Appellant fails on the first element. In order to be specifically enforceable, a contract must be complete in its essential terms and capable of being enforced without adding to its terms. *Three–O–Three Investments, Inc. v. Moffitt*, 622 S.W.2d 736, 738 (Mo.App.1981). The essential terms of a contract to convey real estate are: 1) the parties; 2) the subject matter; 3) the promises on both sides; 4) the price; and 5) the consideration. *Id.* Appellant argues that this burden was met because its petition alleged that appellant and Landmark agreed that appellant would purchase the property and complete construction and that Landmark would lend $3.8 million to appellant. Appellant also alleged that the loan was to extend over twenty-four months and carry interest at the prime rate.

▪▪▪ We cannot agree that appellant and Landmark reached an agreement. This was a complex commercial transaction. There are many material terms which the parties did not resolve, such as closing date, conditions, default events, downpayment, insurance, payment terms, etc. It is fundamental that in order to be binding an agreement must be definitive and certain as to its terms and requirements to enable a court to determine its meaning and to measure the extent of the parties' liability. *Computer Network, Ltd. v. Purcell Tire & Rubber Company*, 747 S.W.2d 669, 676 (Mo.App.1988). The absence of only one of the above stated terms might be inconsequential, but the fact that all are missing makes the contract too indefinite to enforce. *See, Labor Discount Center, Inc. v. State Bank & Trust Company of Wellston*, 526 S.W.2d 407, 425 (Mo.App.1975).

We are unable to find the alleged contract comes within the exception to the Statute of Frauds. Point I is denied.

Appellant's second point asserts that the trial court committed reversible error in granting respondents' motion for summary judgment prior to the filing of an answer and the filing of appellant's reply. Appellant argues that this constitutes a denial of due process because it was denied pre-trial discovery which, if permitted, may enable appellant to prove its cause of action.

▪▪▪ Under Rule 74.04(f) the trial court has discretion to order a continuance before ruling on a motion for summary judgment. The record does not indicate that appellant requested a continuance. It is axiomatic that appellant cannot now complain that the trial court erred in failing to order a continuance which appellant did not

request. *Landmark North County Bank & Trust Co. v. National Cable Training Centers, Inc.,* 738 S.W.2d 886, 892 (Mo. App.1987).

■ Moreover, appellant has not indicated that discovery would show the existence of any genuine issue of material fact. Appellant claims discovery may enable it to prove its cause of action. It is not sufficient to allege that further discovery "might" enable a party to stumble upon necessary evidence. *Gal v. Bishop,* 674 S.W.2d 680, 683 (Mo.App.1984).

Appellant has failed to convince us that summary judgment was improperly granted. Where summary judgment is proper there is no denial of due process. *Henkel v. City of Pevely,* 504 S.W.2d 141, 149 (Mo.App.1973). The judgment of the trial court is, therefore, affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.