Carol Gene COLLINS and Joan Collins, Respondents,

v.

Everett JENKINS, Appellant.

No. 17463.

Missouri Court of Appeals, Southern District, Division One.

Jan. 13, 1992.

Stephen P. Seigel, Springfield, for appellant.

No appearance for respondents.

CROW, Judge.

Carol Gene Collins and his wife, Joan, ("Plaintiffs") commenced an action against Everett Jenkins ("Defendant") by filing a "Petition for Declaratory Judgment, Mandatory Injunction, and Damages." The suit arose from a sale of some 217 acres of real estate by Defendant to Plaintiffs.

Plaintiffs' petition prayed for judgment (a) ordering Defendant to surrender to Plaintiffs a warranty deed by which he had ostensibly conveyed the tract to Plaintiffs,[1] (b) ordering Defendant to deliver an abstract of title to the tract to Plaintiffs, (c) determining the interests of the respective parties in the tract and decreeing Plaintiffs to be the owners in fee simple, (d) enjoining Defendant from claiming any interest in the tract, and (e) awarding Plaintiffs actual and punitive damages, together with their "costs and expenses."

In an amended counterclaim, Defendant prayed for a decree (a) setting aside the purported sale and warranty deed, (b) ordering Plaintiffs to accept return of the purchase money, and (c) commanding the parties to perform a different contract regarding the subject tract.

The trial court heard the case without a jury. Afterward, the court entered judgment for Plaintiffs on their petition, ordering Defendant to deliver the warranty deed and abstract to Plaintiffs, decreeing Plaintiffs the fee simple owners of the tract, enjoining Defendant from claiming any interest in it, and awarding Plaintiffs a $2,680 attorney fee. Plaintiffs' prayer for punitive damages was denied. The trial court found for Plaintiffs on Defendant's amended counterclaim.

Defendant appeals, averring the trial court erred in (1) ordering "declarative relief," and (2) denying Defendant's request for trial by jury. Because the assignments of error present only issues of law, a comprehensive narrative of the evidence is unnecessary.

■ Defendant's first point asserts the trial court wrongly granted declarative relief in that "an alternative legal remedy exists," consequently Plaintiffs were "not entitled to declaratory relief which is only available in the absence of another adequate remedy." Defendant cites two cases, *J.H. Fichman Co., Inc. v. City of Kansas City*, 800 S.W.2d 24, 27[2] (Mo. App.1990), and *Polk County Bank v. Spitz*, 690 S.W.2d 192, 194[5] (Mo.App. 1985). Both hold that except in exceptional circumstances plainly appearing, the declaratory judgment procedure (§§ 527.010–.130, RSMo 1986, and Rule 87 [2]) is not to be used when an adequate remedy exists. We endorse that proposition, but find it inapplicable here.

As we have seen, the relief sought by Plaintiffs (and granted by the trial court) included an adjudication that Plaintiffs own the tract in fee simple. As a basis for that relief, Plaintiffs' petition averred Defendant had made statements to the effect that the warranty deed was fraudulently obtained, and such statements had prevented Plaintiffs from obtaining title insurance. Given these allegations (supported by evidence at trial), a judgment quieting title in Plaintiffs and divesting Defendant of all right, title and interest in the tract (see §§ 527.150–.170, RSMo 1986) was a proper remedy.

In *Evans v. Brussel*, 300 S.W.2d 442, 444[3] (Mo.1957), the Supreme Court of Missouri held a judgment in a suit to ascertain, determine and define title under § 527.150, RSMo 1949,[3] is essentially a declaratory judgment. Thus, to the extent the relief sought in Plaintiffs' petition here was "declaratory," it was proper under the allegations and proof. Defendant's first point is denied.

■ Defendant's second point maintains the trial court erred in denying Defendant's request for trial by jury.

Three months before trial, Defendant filed an "Application for Jury Trial" stating he "requests a jury trial in the matter now pending before this Honorable Court." The request was denied.

Citing Mo. Const. art. I, § 22(a) (1945), and *Jaycox v. Brune*, 434 S.W.2d 539 (Mo.

1. The deed had been recorded, but thereafter Defendant reacquired possession of it in a lawyer's office.

2. Rule references are to Missouri Rules of Civil Procedure (1991).

3. Section 527.150, RSMo 1949, remains unchanged in § 527.150, RSMo 1986.

1968), Defendant argues he was entitled to a jury trial because Plaintiffs were seeking a money judgment.

▌ As reported earlier, Defendant's amended counterclaim sought a decree setting aside the sale and warranty deed, ordering Plaintiffs to accept return of the purchase money, and commanding the parties to perform a different contract regarding the tract. Where the relief sought is cancellation of a deed, the power of a court of equity is invoked and the right to trial by jury does not accrue. *Land Clearance for Redevelopment Authority v. Zitko*, 386 S.W.2d 69, 79[16] (Mo. banc 1964); *Pipes v. Sevier*, 694 S.W.2d 918, 923[3] (Mo.App.1985). In addition, specific performance of a contract is a wholly equitable remedy governed by equitable principles. *Hoover v. Wright*, 202 S.W.2d 83, 86[2] (Mo.1947); *Green v. Woodard*, 588 S.W.2d 522, 524[4] (Mo.App.1979). There is no right to a jury trial in a case in equity. *State ex rel. Willman v. Sloan*, 574 S.W.2d 421, 422[1] (Mo. banc 1978).

By seeking cancellation of the warranty deed and specific performance of a different contract regarding the tract, Defendant's amended counterclaim presented issues on which there was no right to a jury trial. Neither side requested a separate trial of any claim (see Rule 66.02), and no one objected to all issues being tried simultaneously. In these circumstances, we need not determine whether Defendant would have been entitled to a jury trial had the case consisted solely of the issues framed by Plaintiffs' petition and Defendant's answer.[4]

▌ Once a court of equity acquires jurisdiction, it may retain jurisdiction to do full and complete justice even though it involves adjudicating matters of law or rendering a money judgment, particularly where there is a prayer for both legal and equitable relief. *Metropolitan St. Louis*

Sewer *District v. Zykan*, 495 S.W.2d 643, 658[29] (Mo.1973).

We hold the trial court did not err in denying Defendant's request for trial by jury. In so deciding, we do not ignore *K.D.R. v. D.E.S.*, 637 S.W.2d 691 (Mo. banc 1982), cited by Defendant. There, a mother and her child brought an action for declaratory judgment against the child's putative father, seeking an adjudication that he was the natural father. The putative father requested a jury trial. The request was denied. On appeal, the Supreme Court of Missouri held the paternity issue was purely a fact question, hence the putative father had a right to jury trial under § 527.090, RSMo 1978 (a provision of the Declaratory Judgment Act).[5] 637 S.W.2d at 694.

We find *K.D.R.* inapplicable. Even were one or more fact issues in the instant case triable under the declaratory judgment statutes and Rule 87 (an issue we need not decide), Defendant did not indicate he wanted a jury trial on just those issues. Instead, he requested a jury trial "in the matter now pending."

Inasmuch as Defendant's amended counterclaim was not triable by jury and no separate trial of any claim was requested, the trial court did not err in denying Defendant's "Application for Jury Trial." Given the Application's wording (quoted earlier), the trial court evidently understood it as a request to try the case in toto by jury. The trial court could not reasonably have been expected to understand the Application as a demand for a jury determination of one or more unspecified fact issues. If Defendant (a) believed there were questions of fact triable by jury, and (b) wanted a jury to resolve one or more of them, he should have presented a request so stating. He did not.

4. Defendant's answer admitted he had made statements to the effect that the recorded warranty deed (footnote 1, *supra*) was fraudulently obtained.

5. Section 527.090, RSMo 1978, read: "When a proceeding under sections 527.010 to 527.130 involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

An appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36[12] (Mo. banc 1982), *appeal dismissed,* 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983); *School District of Kansas City v. Smith,* 342 Mo. 21, 111 S.W.2d 167, 168 (1937).

Defendant's second point is denied.

Judgment affirmed.

PREWITT, P.J., and PARRISH, J., concur.