**Vincent F. LICARE and Elizabeth Licare, Plaintiffs/Respondents,**

v.

**Janet HILL, Personal Representative of the Estate of Mirly B. Hahs, Deceased, Defendant/Appellant.**

**No. 64063.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 19, 1994.

Walter S. Drusch, Jr., Cape Girardeau, for appellant.

John L. Oliver, Jr., Cape Girardeau, for respondents.

GARY M. GAERTNER, Judge.

Appellant, Janet Hill, appeals from the April 19, 1993, order of the Circuit Court of Cape Girardeau granting specific performance or, in the alternative, damages for respondents, Vincent F. and Elizabeth Licare.[1] We affirm and remand with instructions.

On July 31, 1988, respondents contracted to purchase real estate from Mirly B. Hahs for $120,000.00. Hahs was developing a subdivision called Shavano Hills. The real estate contract did not contain the complete agreement between the parties. Prior to the written sale contract, the parties entered an oral agreement. As part of this oral agreement, Hahs promised to provide a 50 foot easement from Route W to respondents' driveway. On the easement, Hahs agreed to build a 20 foot wide county-type road within 365 days.[2] Also, appellant agreed to maintain the current road. In an instrument entitled "Roadway Easement", the parties put some terms of the oral agreement in writing. The writing did not include the type of road. The road was not installed within the 365–day time period provided in the oral agreement, thus leading to respondents' suit.

Respondents brought suit against appellant on two counts. Count one demanded specific performance of the oral agreement and incidental money damages. Count two alleged breach of warranty of habitability. In his amended answer, appellant asserted a counterclaim which sought equitable relief against respondents to execute their subdivision plat.

The suit was tried without a jury. The trial court found appellant had not maintained the temporary road and had not built the county-type road within the specified time period. Since the trial court determined there was no adequate remedy at law, the Court held appellant must specifically perform his obligation to build the road, or in the alternative, if appellant failed to build the road, he would have to pay $36,000.00 to respondents for construction of the road. Appellant appeals from this judgment.

Appellant raises four points on appeal.[3] First, he claims the agreement was too indefinite to award specific performance. Second, appellant argues the agreement was too indefinite to award alternative monetary damages. Third, appellant insists he was denied his right to a jury trial. Fourth, appellant asserts the alternative damage award exceeds the petition and the award cannot be enforced due to its indefinite nature. We disagree.

In reviewing an action for equitable relief, the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it erroneously declares the law, or it erroneously applies the law. *Grate v. Richards*, 689 S.W.2d 635, 637 (Mo.App., W.D.1984).

---

1. For clarification, Mirly B. Hahs, died on July 15, 1993, after judgment of the trial court, but before this appeal was decided. His personal representative, Janet Hill, has been substituted as appellant.

2. A county-type road consists of either six inches of crushed stone base and a two inch topping of asphalt or six inches of concrete.

3. We list appellant's points on appeal not in the order appellant has listed them, but rather in their logical order.

■ Appellant's first point on appeal asserts the trial court erroneously granted specific performance because the oral agreement was too indefinite. In *Kemp Const. v. Landmark Bancshares,* 784 S.W.2d 306, 308 (Mo. App., E.D.1990), this Court noted "[i]n order to be specifically enforceable, a contract must be complete in its essential terms and capable of being enforced without adding to its terms." This Court, in *Wilson v. Farrow,* 583 S.W.2d 545, 546 (Mo.App., E.D.1979), specified the essential terms for an agreement concerning the paving of a road: when the road was to be paved, the material to be used, the width, and the depth or length of the road.

Here, the trial court found the instrument entitled "Roadway Easement" did not contain the entire agreement. The court concluded the writing was not a final expression; therefore, the court accepted the oral agreement as evidence. The oral agreement included these additional terms: appellant had 365 days to pave the road; appellant agreed to build a county-type road; the width of the road was to be 20 feet; and the road was to run from Route W to respondents' home. In effect, the oral agreement contained all the essential terms required to allow specific performance. Point denied.

■ Appellant's second contention asserts the contract was too indefinite to allow alternative relief in the form of monetary damages. As explained above, the agreement was definite enough to allow specific performance. The requirement of definiteness for damages is less stringent than the criteria for specific performance. 81 C.J.S. Specific Performance § 36 (1977). Because we find the agreement definite enough to grant specific performance, we find the alternate award of monetary damages supported as well. Point denied.

■ Third, appellant asserts since equitable relief was an improper remedy, appellant should have been accorded a jury trial. As discussed above, the grant of specific performance was supported. Specific performance is a wholly equitable remedy governed by equitable principles. *Collins v. Jenkins,* 821 S.W.2d 892, 894 (Mo.App., S.D.1992). Since the cause of action was equitable, the suit was correctly tried by the trial judge. *Id.* Moreover, the doctrine of equitable clean-up allowed the trial court to determine the monetary damage award.[4] Finally, since appellant entered into trial without objecting to the absence of a jury, appellant waived any possible right to a jury trial. Rule 69.-01(b)(4); *Sullivan & Watkins, Inc. v. Rauscher,* 684 S.W.2d 438, 439 (Mo.App., E.D.1984). Point denied.

■ Appellant's fourth point on appeal raises two claims. Appellant's first claim asserts the alternative relief of monetary damages exceeds respondents' original petition.

We disagree. During trial appellant consented to trying the alternative damage issue. In *Edward L. Bakewell, Inc. v. Hall,* 767 S.W.2d 348, 350 (Mo.App., E.D.1989), this Court stated: "[u]nder Rule 55.33(b) ... where evidence is presented without objection leading to a different damage total than that pleaded, that issue has been tried by implied consent and is treated in all respects as if it had been raised in the pleadings." Here, respondents in their opening statement asked "for about $40,000.00 plus specific performance and such incidental damage ... [respondents] have sustained as a result of ... [appellant's] breach of contract for failing to pave the road." Appellant did not object to the statement. Moreover, Mr. Gilmore testified the cost of construction was $36,000. Appellant did not object to this testimony. Therefore, appellant consented to try the issue of damages in addition to specific performance. In effect, appellant's failure to object paved the way for the trial court to give an alternative award of damages. Point denied.

■ Appellant's next claim asserts the alternative award of monetary damages is indefinite and therefore unenforceable. The

---

4. Under the doctrine of equitable clean-up, "when equitable jurisdiction attaches the court may determine the legal issues incident to the entire case...." *Shelter Mut. Ins. Co. v. Parrish,* 659 S.W.2d 315, 318 (Mo.App., S.D.1983) (quoting *Linville v. Wilson,* 628 S.W.2d 422, 425 (Mo. App., W.D.1982)).

trial court ruled that appellant must pave the road, but if appellant fails to specifically perform, then appellant must pay respondents $36,000 for construction costs. The trial court failed to include a time limit for appellant's performance. To avoid suffering indefiniteness, "[a] judgment must be in such form that execution may issue without requiring external proof and another hearing." *Commerce Bank of Springfield v. Green*, 760 S.W.2d 602, 603 (Mo.App., S.D.1988). Here, no hearing or additional evidence is needed to execute judgment. Therefore, the judgment does not suffer from indefiniteness. However, we remand to allow the trial court to set the appropriate time limit for appellant's performance. Point denied.

Based on the foregoing, we affirm the decision of the circuit court and remand for actions in accordance with this opinion.

SIMON and PUDLOWSKI, JJ., concur.