[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Martin Spahr filed a four-count complaint against the defendant George Frank. The plaintiff alleged that the defendant had committed a breach of contract, fraud, negligent misrepresentation and a violation of the Connecticut Unfair Trade Practices Act (CUTPA). He sought money damages, punitive damages and attorney's fees pursuant to § 42-110 et seq.(CUTPA), and equitable remedies.
The matter was heard by an attorney trial referee who made the following findings of fact and conclusions of law. On or about January 16, 1990, the parties entered into a contract wherein the defendant agreed to purchase and the plaintiff agreed to sell property known as 41 Glenwood Avenue, Norwalk. The purchase price was $200,000. The purchase agreement contained a provision that the defendant was purchasing the property for the purpose of constructing a multi-unit apartment building. The defendant agreed to pay additional consideration of $10,000 for each unit approved by the Norwalk Zoning Commission in excess of eleven, up to a total of $25,000 additional consideration. The defendant agreed to make prompt application for the approval of the additional units. The closing of the title on the property occurred on January 26, 1990.
The defendant engaged Ron Kellogg to prepare an application to the Zoning Commission of the City of Norwalk to obtain additional units to construct on the premises in accordance with his contractual obligation. On March 1, 1990, the City of Norwalk declared a moratorium on multi-unit dwellings. This moratorium, however, did not affect pending applications. The application, which had been prepared, modified and refined as a result of the meetings with the Plan Review Committee of the Norwalk Zoning Commission, was to be submitted for a public hearing on June 20, 1990, before the Zoning Commission of Norwalk. The defendant however, on June 18, 1990, instructed Kellogg not to submit the application. It was the defendant's opinion that the application would not be approved. The moratorium ended March 19, 1992, but the application has still not been filed.
The attorney trial referee found that there was no ambiguity in the contract between the plaintiff and the defendant. He found that the CT Page 3110 defendant breached his contract with the plaintiff by not submitting the application or requesting that the hearing on the application be rescheduled. He also found that the application could have been resubmitted on or after March 19, 1992. As to the remaining counts, the attorney trial referee found that the defendant did not commit fraud, make any statements which constitute negligent misrepresentation, or violate CUTPA.
The attorney trial referee recommended that the court enter judgment on the first count in favor of the plaintiff and ordered that the defendant prepare and file a bona fide application to the Zoning Commission for a Special Permit to construct fourteen units, or that the defendant pay to the plaintiff the sum of $25,000.00 as damages together with all costs of this suit.
The plaintiff timely filed a motion to correct the findings pursuant to Practice Book § 438[1] which the attorney trial referee denied on August 31, 1993. The attorney trial referee subsequently filed an articulation of his report with respect to his recommended judgment.[2] He ordered the defendant to apply to the zoning commission for the special permit within nine months from the date of the judgment of this court. The referee recommended that if the defendant failed to perform, the defendant would pay the plaintiff the sum of $25,000. The plaintiff filed an amended exception to the articulation of the attorney trial referee's report and an objection to the acceptance of the articulation of the attorney trial referee's report on November 29, 1994.
"The reports of [attorney trial] referees are . . . `reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Practice Book §§ 428 through 445.'"[3] Dills v.Enfield, 210 Conn. 705, 712-13, 557 A.2d 515 (1989). The attorney trial referee sits as a finder of fact. National Elevator IndustryPension, Welfare Education Fund v. Scrivani, 31 Conn. App. 728, 733,626 A.2d 1332 (1993). It is the function of the trial court to render such judgment as the law requires upon the facts as found by the attorney trial referee. Dills v. Enfield, supra, 210 Conn. 713; Practice Book § 443.[4] The court is bound by the attorney trial referee's findings of facts but not by his conclusions of law. Pilatov. Kapur, 22 Conn. App. 282, 283, 576 A.2d 1315, cert. granted on other grounds, 216 Conn. 813, 580 A.2d 59 (1990).
"The report of a [referee] shall state . . . the facts found and the conclusions drawn therefrom. . . . The report should ordinarily state only the ultimate facts found. . . ." Practice Book § 434. If CT Page 3111 a party wishes to challenge any findings of fact or rulings made by the referee, he or she may file a motion to correct pursuant to Practice Book § 438.[5] If the trial referee fails to correct a report or finding in compliance with the motion to correct, the moving party may still file exceptions to the report pursuant to Practice Book § 439 or objections pursuant to § 440 with the court.
 I
When a party challenges the facts in an attorney trial referee's report, the trial court will not "correct a finding of fact unless a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Bowmanv. 1477 Central Avenue Apartments, Inc., 203 Conn. 246, 253 n. 7,524 A.2d 610 (1987), quoting Practice Book § 439; see Whewell v. Ives,155 Conn. 602, 608-09, 236 A.2d 92 (1957) (holding that trial court did not err in rejecting plaintiff's claim that the referee's report was against the weight of the evidence).
The plaintiff in the present case filed an amended exception to the attorney trial referee's report. Practice Book § 439 states in part that "[a] party . . . must file with his exceptions a transcript of the evidence taken before the committee [or the attorney trial referee], except such portions as parties may stipulate to omit." "Without a transcript, the factual findings by the referee cannot possibly be evaluated. Hence, the referee's report must be viewed as if no exceptions had been filed. Ruhl v. Town of Fairfield,5 Conn. App. 104, 106, 496 A.2d 994 (1985)." Gwinner v. Reelsharp USA,Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, No. 123030 (1994). "A failure to file valid exceptions constitutes in effect a waiver of the right to `attack the subordinate factual findings contained in the report.' See Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989). . . ." Id. The plaintiff in the present action failed to file a transcript with his amended exception to the report.
Furthermore, the plaintiff's amended exception does not challenge factual findings of the attorney trial referee, but instead challenges the recommended judgment.[6] Therefore, that pleading is improperly brought as an exception to the attorney trial referee report. In effect, the plaintiff has not challenged the attorney trial referee's findings of fact. Therefore, the court accepts the factual findings of the attorney trial referee's report. CT Page 3112
 II
"A party may file objections to the acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings. Practice Book § 440." Bernard v. Gershman, supra,18 Conn. App. 655. "Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee." Id., 656.
The plaintiff challenges the attorney trial referee s determination that as a result of the breach of contract he, the plaintiff, is entitled to specific performance. The attorney trial referee provided a contingency award of damages of $25,000 should the defendant not comply with specific performance. The plaintiff argues that the award of damages should be the sole award to achieve finality in the litigation and because specific performance is improper where money damages are adequate.
"It is clear that a recovery [by the plaintiff] of damages representing the loss of the benefit of the bargain of the contract, is an inconsistent remedy with specific performance of the same contract."Foley v. The Huntington Company, Superior Court, judicial district of Fairfield, No. 246145 (1994)(Fuller, J.). In the present case the attorney trial referee has not awarded both specific performance and damages on the same contract, but he instead has recommended an award of money damages if the defendant chooses not to specifically perform within nine months. The issue is whether such an alternative remedy is proper.
Neither case law from Connecticut nor that from other jurisdictions provides much guidance as to whether and when a court may render a final judgment of specific performance and alternatively money damages if specific performance fails. Compare Lombardi v.Lombardi, 124 Conn. 569, 576, 200 A. 1019 (1938)("As an incident to a decree of specific performance the court may award a plaintiff purchaser damages for the wrongful withholding of the property from him, but where it does so its aim is to `place the parties in the same situation as they would have been if the contract had been performed according to its terms,' and the rule of damages at law does not apply."). A recent decision of the Missouri Court of Appeals did allow such an award. In that case, the court of appeals affirmed a trial court's decision ruling that a defendant perform his services pursuant to the contract, but that if the defendant failed to specifically perform, he must pay the plaintiffs damages. Licare v. Hill,
CT Page 3113879 S.W.2d 777 (Mo.App.E.D. 1994). The Court of Appeals remanded the case to the trial court so that it might establish a time limit for the defendant's performance. The court stated that "[t]o avoid suffering indefiniteness, `[a] judgment must be in such form that execution may issue without requiring external proof and another hearing.' CommerceBank of Springfield v. Green, 760 S.W.2d 602, 603 (Mo.App., S.D. 1988)." Id., 780.
Under the holding of Licare, the remedy recommended by the attorney trial referee would not be indefinite because it provides that the performance must be had within nine months or the sum of $25,000 must be paid. However, based on the facts found, specific performance is not an appropriate remedy here for two reasons.
First, "[c]ontracts of personal services are not specifically enforceable. Wm. Rogers Mfg. Co. v. Rogers, 58 Conn. 356-364-65, 20 A. 467 [1890]." Burns v. Gould, 172 Conn. 210, 214-215, 374 A.2d 193
(1977). The defendant's agreement to make prompt application to the zoning commission for approval of additional apartment units was a contract of personal service. Notably, since the defendant has now purchased the property, he would have an incentive to make an application which would be denied without prejudice to renew.[7] In this manner, the defendant would improperly discharge his $25,000.00 obligation to the plaintiff, yet retain the opportunity to enhance his investment if a subsequent application were granted.
Second, specific performance is inappropriate because money damages are an adequate remedy. "`In the law of Contract, the term "damages" is used to mean compensation in money as a substitute for and the equivalent of the promised performances.' 5 Corbin on Contracts 990." Braithwaite v. Town of Wallingford, Superior Court, judicial district of New Haven, No. 262168 (1991)(Healey, S.T.R.). "The general rule of damages in a breach of contract action is that the award should place the injured party in the same position as he would have been in had the contract been performed." Rametta v. Stella, 214 Conn. 484,492, 572 A.2d 978 (1990). The attorney trial referee found that damages in the amount of $25,000 would place the plaintiff in the same position as he would have been had the defendant not breached the contract. The attorney trial referee concluded that had the contract been fully performed, the plaintiff would have received the additional $25,000. That is the measure of damages and that is the appropriate remedy.
Accordingly, the court does not endorse the legal remedy fashioned by the attorney trial referee. Judgment shall enter in favor of the plaintiff and against the defendant for the sum of $25,000.00. CT Page 3114
BY THE COURT
Bruce L. Levin Judge of the Superior Court