**STATE of Missouri ex rel. Francis E. O'DONNELL, Jr., M.D. and O'Donnell Eye Institute, Inc., Relators,**

v.

**Honorable Patrick CLIFFORD, Judge, Division 39, Circuit Court of St. Louis County, Missouri, Respondent.**

No. 72490.

Missouri Court of Appeals,
Eastern District,
Writ Division Seven.

July 15, 1997.

Dennis T. McCubbin, St. Louis, for relators.

David L. Campbell, St. Louis, for respondent.

CRAHAN, Chief Judge.

Relators, Francis E. O'Donnell, Jr., M.D. and O'Donnell Eye Institute, Inc. (hereinafter collectively "Clinic"), seek a writ of prohibition to prevent Respondent from enforcing a Judgment and Order of Delivery in Replevin directing the sheriff to take possession of certain medical records and deliver them to Dr. James S. Floerchinger, M.D. ("Doctor"), Clinic's former employee and plaintiff in the underlying suit. We dispense with further briefing and argument and hold that, absent a request by the patient, Doctor has not established a superior right to possession of medical records of patients treated by Doctor while employed by Clinic. Accordingly, we order that our preliminary writ of prohibition heretofore issued now be made permanent and direct Respondent to amend his order as provided herein.

The underlying action is a suit in ten counts instituted by Doctor against Clinic. All counts arise out of Doctor's termination of his employment by Clinic. Count X is a claim in replevin seeking possession of medical records of patients seen by Doctor prior to and/or during his employment by Clinic. This count was the subject of a separate hearing which resulted in the judgment that is the subject of this proceeding.

The testimony adduced at the hearing established that the relationship between the parties began in November, 1991 when Doctor wrote to Dr. O'Donnell inquiring whether Dr. O'Donnell would be interested in purchasing Doctor's medical practice. Subsequent negotiations did not produce an agreement for sale of Doctor's medical practice. Instead, Clinic and Doctor entered into an employment agreement whereby Doctor became an employee of Clinic. Clinic assumed the lease on Doctor's office premises and Doctor thereafter practiced medicine under the name of O'Donnell Eye Institute, Inc. The employment lasted until July, 1996 when Doctor terminated his employment and left the offices of Clinic.

In his replevin count, Doctor alleged that he is the lawful custodian of the medical records of all of his former patients and of all of the patients he treated while he was associated with Clinic and that he was entitled to immediate possession thereof. The employment agreement between Doctor and Clinic contains the following provisions pertaining to patient medical records:

3. *Company's Patients and Records.*

A. *Patient Treatment.* Patients treated by the Doctor within the scope of his employment shall be at all times regarded as patients of the Company and not of the Doctor. The Doctor shall not acquire any property rights with respect to patients unless and until he acquires an equity interest in the Company.

B. *Records and Files.* All records and files, including patients' files and x-rays, are property of the Company, and the Doctor shall acquire no rights with respect to such records unless and until he acquires an equity interest in the Company. However, the Doctor shall have the right to copies of any records reflecting services performed by him with respect to any claims against him in the nature of malpractice, any charges against him by a licensing board, hospital or professional association, any issue relating to reimbursement involving him, or for any other reasonable purpose. In the event the Doctor's relationship with the Company is terminated, the Doctor shall have the right to copies of the Company's clinical records relating to all patients who choose to continue their care with the Doctor.

In the judgment, the trial court found that Doctor was entitled to immediate possession of the medical records of all of his former patients and of all the patients seen by Doctor while he was associated with Clinic. The sheriff was ordered to take possession of the records and to deliver them to Doctor forth-

with. The trial court did not, however, certify the judgment as final as provided in Rule 74.01(b). Therefore, as further provided in Rule 74.01(b), the judgment is neither final nor appealable because it does not dispose of all claims presented in the petition. Correctly concluding that any attempt to appeal the judgment would be futile, Relators instead sought our writ of prohibition seeking to restrain Respondent from enforcing his order.

■ As a preliminary matter, Respondent urges that Relators have not shown that they have no adequate remedy by appeal because they did not request that their judgment be certified as final pursuant to Rule 74.01(b). Under Rule 74.01(b), however, such certification is Respondent's prerogative regardless of whether it is requested by a party. Because Relators' inability to obtain review by way of appeal is thus directly attributable to Respondent's failure to exercise his discretion to certify the judgment, we do not believe Respondent can properly raise the lack of certification to bar review of this order by means of a writ. The Missouri Supreme Court has specifically held that absent an adequate remedy by appeal, an order in replevin is a proper subject of prohibition. *Ken Reynolds Pharmacies, Inc. v. Pyle*, 564 S.W.2d 870, 873 (Mo. banc 1978).

■ "Replevin is a possessory action to obtain from the defendant property that he possesses.... [A] replevin action relies upon a right to possession, not ownership." *Auto Alarm Supply Corp. v. Lou Fusz Motor Co.*, 918 S.W.2d 390, 392 (Mo.App.1996). To understand the narrow issue presented, it is useful to divide the medical records into three categories:

CATEGORY 1—Files of Doctor's former patients who were not treated by Clinic or Doctor during his employment by Clinic.

CATEGORY 2—Files of patients treated by Doctor or Clinic during his employment by Clinic who have requested that copies of their medical records be forwarded to them or to Doctor.

CATEGORY 3—Files of patients seen by Doctor while employed by Clinic who

have not requested or authorized Clinic to forward a copy of their records to Doctor.

Dr. O'Donnell conceded at trial that Clinic did not purchase Doctor's medical practice and thus Relators do not dispute Respondent's order insofar as it requires Clinic to return Category 1 files to Doctor. Nor does Clinic dispute that it must forward copies of Category 2 files upon the written request of · a patient. *See* Section 191.227 RSMo 1994. Relators urge, however, that Respondent abused his discretion in ordering Clinic to turn over copies of Category 3 files to Doctor because this is contrary to the express terms of the employment agreement. We agree.

As set forth above, the employment agreement expressly provided that patients treated by Doctor at Clinic were to be regarded as patients of Clinic and that patients' records and files would be the property of Clinic. Further the agreement specifically provides that, upon termination, Doctor shall have the right to copies of records pertaining to patients who chose to continue their care with Doctor, a right Relators do not dispute here. Although it is true that files of patients seen by Doctor while employed at Clinic may include records created by Doctor prior to his employment, the situation is essentially no different than if Doctor had never been employed there. Once patients chose to accept treatment at Clinic, whether performed by Doctor or Clinic, Clinic had the right to maintain possession of the records until directed by the patient to forward the records to Doctor or some other provider. To the extent Respondent has ordered Clinic to transfer to Doctor records of patients seen by Doctor while in Clinic's employ who have not requested such transfer, the order is contrary to the terms of the employment agreement and represents an abuse of discretion.

Respondent is ordered to take no further action to enforce his judgment insofar as it requires Relator to surrender or transfer records of patients seen by Doctor while employed by Clinic in the absence of a request by the patient. Respondent is further directed to amend his order accordingly.

GARY M. GAERTNER and DOWD, JJ., concur.

HOFF, J., recuses.