**Julia MATTHEY, Plaintiff/Respondent,**

**v.**

**ST. LOUIS COUNTY and Eric T. Tolen, Defendant/Appellant.**

**No. ED 92377.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 1, 2009.

Lawrence J. Fleming, Herzog Crebs, St. Louis, MO, for Appellant.

Kathy M. Wilke, Wilke & Wilke, P.C., St. Louis, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Eric T. Tolen (Appellant) appeals from the trial court's judgment granting Julia Matthey's (Respondent) claim for declaratory judgment. In its declaratory judgment, the trial court concluded that Respondent was the rightful owner of 100 Krugerrands in the possession of the St. Louis County Police Department and ordered the Police Department to deliver possession of the Krugerrands to Respondent. We affirm.

### Factual and Procedural Background

In 1978, Respondent's late husband purchased 100 Krugerrands, hid the Krugerrands in their home, and died before revealing the Krugerrands' exact location to her. In September 2000, Respondent sold her home to Appellant. Respondent stated under oath that she was not aware that the Krugerrands were still located within the house at the time of the sale. In October 2000, Appellant found the Krugerrands, placed them in his bedroom safe, and did not inform Respondent of his find.

On April 28, 2007, the St. Louis County Police Department lawfully searched Appellant's home regarding an unrelated matter, found the Krugerrands, and seized them.

On March 13, 2008, Respondent filed a Petition for Declaratory Judgment praying the trial court to declare Respondent the lawful owner of the Krugerrands and order the St. Louis County Police Depart-

ment to deliver the Krugerrands to Respondent. On June 6, 2008, the trial court granted Respondent leave to file an amended petition to correctly substitute St. Louis County as a proper defendant, rather than St. Louis County Police Department. Respondent's prayer for declaratory relief remained the same.

On June 24, 2008, Appellant filed a Motion to Dismiss. Appellant argued that the trial court lacked subject matter jurisdiction over Respondent's declaratory judgment action because the adequacy of a legal remedy to Respondent precluded the trial court from asserting its equity jurisdiction. Additionally, Appellant filed an answer asking the court to dismiss Respondent's lawsuit and return the coins to him. On July 28, 2008, St. Louis County filed a Petition in Interpleader asking the court to permit it to interplead the Krugerrand coins and determine the competing claims between Respondent and Appellant.

On December 10, 2008, the parties appeared before the trial court. Following the presentation of evidence and testimony, the trial court (1) "declare[d] that [Respondent] is the lawful owner of the 100 Krugerrands now in the possession of the St. Louis County Police Department" and (2) ordered the St. Louis County Police Department "to deliver possession of the 100 Krugerrands" to Respondent.

Appellant filed his notice of appeal on December 19, 2008, from which this appeal follows.

### Point on Appeal

Appellant raises one point on appeal. Appellant alleges that the trial court erred in entering judgment in favor of Respondent and against Appellant because the trial court lacked subject matter jurisdiction to enter an equitable order. Appellant argues the trial court lacked subject matter jurisdiction over Respondent's equitable claim because there was a remedy at law available to Respondent.

### Standard of Review

■ Jurisdiction is a question of law that we review de novo. *In re Marriage of Jeffrey,* 53 S.W.3d 173, 175 (Mo.App. E.D.2001). A trial court's subject matter jurisdiction must be based upon circumstances existing at the time the court's jurisdiction is invoked. *Gosserand v. Gosserand,* 230 S.W.3d 628, 631 (Mo.App. W.D.2007).

### Discussion

■ Appellant argues the trial court lacked subject matter jurisdiction to enter a declaratory judgment in this matter because Respondent had an adequate remedy at law, replevin.

■ In order to maintain a declaratory judgment action, a movant must satisfy four requirements. *Barron v. Shelter Mut. Ins. Co.,* 220 S.W.3d 746, 748 (Mo. banc 2007). The four requirements are as follows: 1) movant must demonstrate that a justiciable controversy exists that presents a real, substantial, presently existing controversy as to which specific relief is sought; 2) movant must also demonstrate a legally protected interest directly at issue and subject to immediate or prospective consequential relief; 3) the question presented by movant must be ripe for judicial determination; and 4) movant must also demonstrate that he or she does not have an adequate remedy at law. *Id.* Only the fourth requirement is challenged by Appellant in this appeal. Appellant argues that Respondent had an adequate remedy at law in the form of Missouri's Replevin Statute pursuant to Section

533.010, RSMo 2000.[1] We disagree. Contrary to Appellant's argument, we find Respondent had no adequate remedy at law in replevin and appropriately sought resolution of the present conflict by filing an action for declaratory judgment.

■ Generally, replevin "is a possessory action" instituted by a plaintiff "to obtain from the defendant property that he possesses." *First Nat. Bank of Steeleville v. ERB Equip. Co., Inc.*, 972 S.W.2d 298, 300 (Mo.App. E.D.1998); *State ex rel. O'Donnell v. Clifford*, 948 S.W.2d 451, 453 (Mo. App. E.D.1997). To sustain a statutory replevin action in Missouri, Section 533.010 requires a plaintiff to show the following: (1) that the plaintiff owns the property claimed or is lawfully entitled to the possession thereof; (2) that the defendant has wrongfully detained the plaintiff's property; (3) the actual value of the property; (4) that the property has not been seized under any process, execution or attachment against the property of the plaintiff; and (5) that the plaintiff will be in danger of losing his said property, unless it be taken out of the possession of the defendant, or otherwise secured. Because Respondent in this case could not sustain a replevin action, Respondent's legal remedy was foreclosed, and the trial court appropriately sat in equity.

## I. Respondent Had No Action to Replevy Krugerrands from Appellant.

■ As stated above, "[r]eplevin is a possessory action to obtain from the defendant *property that he possesses.*" *First Nat. Bank of Steeleville*, 972 S.W.2d at 300

(emphasis added). That is, the defendant must be in actual or constructive possession of the property at the time the replevin suit is filed. *Goth v. Norman*, 693 S.W.2d 175, 179 (Mo.App. W.D.1985); *Fawley v. Bailey*, 512 S.W.2d 477, 479 (Mo.App.1974) ("[A]s a general rule a plaintiff in replevin must prove that the property sought to be replevined was in possession of the defendant at the time the suit was commenced."). Here, it is not disputed that at the time Respondent filed her amended petition, the Krugerrands were in the possession of the St. Louis County Police Department—not Appellant. Thus, Respondent could not have maintained an action in replevin against Appellant.

## II. Respondent Had No Action to Replevy Krugerrands from St. Louis County.

■ In order for a plaintiff to sustain an action in replevin, Missouri statute requires the plaintiff to show, among other things, that the defendant has wrongfully detained the plaintiff's property[2] and that the property has not been seized under any process. Section 533.010. When there has been no wrongful detention of property alleged, a replevin action fails. *White v. Camden County Sheriff's Dept.*, 106 S.W.3d 626, 634 (Mo.App. S.D.2003).

In this case, St. Louis County had not wrongfully detained the Krugerrands, but obtained control over the Krugerrands by virtue of a valid search and seizure. *See id.* (where the plaintiff's lawfully seized

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

2. The Missouri Court of Appeals for the Eastern District explained that wrongful detention exists when a defendant exercises "unauthorized control over the property" thereby "depriv[ing] the plaintiff of its right to posses-

sion." *First Nat. Bank of Steeleville*, 972 S.W.2d at 300; *Sidney Smith, Inc. v. Steinberg*, 280 S.W.2d 696, 705 (Mo.App.1955) (holding that "if it appears [a] defendant has so much as a special property in the goods, supporting a right to immediate possession at the time, the [replevin] action must fail").

property was forfeited to federal authorities pursuant to the Criminal Activity Forfeiture Act, a sheriff who received an equitable sharing of the forfeiture proceeds for his local narcotics unit did not "wrongfully detain" the plaintiff's property). Additionally, in its Petition in Interpleader,[3] St. Louis County stated it has no interest in the Krugerrands, further evincing its intent that the Krugerrands not be wrongfully detained from the rightful owner. Thus, St. Louis County has not wrongfully detained the Krugerrands, as it asked the trial court to decide the rightful owner. Because, in this case, there was no wrongful detention of the Krugerrands by St. Louis County, Respondent had no cause of action for replevin against St. Louis County.

▓▓▓▓ Contrary to Appellant's assertion, Missouri's Replevin Statute does not provide a remedy to Respondent. When a remedy at law is lacking, a plaintiff may resort to a separate suit in a court of equity or to the Declaratory Judgment Act for redress. Section 527.010. The circuit courts have jurisdiction over declaratory judgment actions to determine ownership of personal property. *Jarman v. Eisenhauer*, 744 S.W.2d 780, 782 (Mo. banc 1988).

Additionally, even if we were to determine that a legal action of replevin was available to Respondent, an equitable remedy is still available if the legal remedy would be incomplete. *Jacobs et al. v. Cauthorn*, 293 Mo. 154, 238 S.W. 443, 445 (1922). Here, an action in replevin, if available, would merely settle the dispute regarding possession of the Krugerrands, not ownership. A replevin action relies upon a right to possession, not ownership.

*Auto Alarm Supply Corp. v. Lou Fusz Motor Co.*, 918 S.W.2d 390, 392 (Mo.App. E.D.1996). In order to resolve the dispute over the Krugerrands, Respondent was entitled to petition the trial court to rule on ownership of the gold coins, not mere possession.

*Conclusion*

The trial court's judgment is affirmed as it properly exercised its equitable jurisdiction and did not err in delivering the Krugerrands to Respondent.

GEORGE W. DRAPER III and ROY L. RICHTER, JJ., Concur.

---

3. Respondent argues in her brief that this interpleader action would have been pending still even if the First Amended Petition should have been dismissed. We need not address this argument because we find the trial court had jurisdiction to proceed on the declaratory judgment action.