

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| CROWN DIVERSIFIED HOLDINGS, LLC, | ) | No. ED101019 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the St. Louis |
| | ) | County Circuit Court |
| vs. | ) | |
| | ) | Honorable Michael D. Burton |
| ST. LOUIS COUNTY, MISSOURI, ASSESSOR JAKE ZIMMERMAN AND STATE TAX COMMISSION OF MISSOURI, | ) ) ) ) | |
| | ) | Filed: December 23, 2014 |
| Defendants/Respondents. | ) | |

## Introduction

In this dispute involving unpaid personal property taxes for tax years 2009 through 2011, Crown Diversified Holdings, LLC (Taxpayer) seeks a declaration that the State Tax Commission (STC) is required to apportion personal property taxes levied on its commercial aircraft, injunctive relief prohibiting the St. Louis County Assessor, Jake Zimmerman (County Assessor), from assessing personal property taxes in excess of the apportioned value of the aircraft, and a writ of mandamus compelling the STC to apportion the value of the aircraft.[1]  On the parties'

---

[1] The STC, St. Louis County, and Jake Zimmerman, the county's assessor, are all Defendants in this action and are referred to collectively as "Defendants."  Defendants are otherwise referred to in their individual capacities.

cross-motions for summary judgment, the circuit court denied Taxpayer the requested relief and entered summary judgment for Defendants. On appeal, Taxpayer claims the circuit erred by (1) denying summary judgment to Taxpayer on the basis that § 155.040 RSMo 2000[2] precludes the STC from retroactively apportioning the value of the aircraft; (2) finding that Taxpayer has an adequate remedy at law and, thereby, denying Taxpayer's request for declaratory judgment; and (3) denying Taxpayer's request for an injunction and mandamus because this additional relief is necessary. We affirm in part and reverse in part.

### Factual Background

Taxpayer owns two commercial aircraft, each weighing over 3,000 pounds and fully-equipped for flight. During tax years 2009 through 2011, the planes had a tax situs in Missouri. At the time, both planes were periodically hangared in the Spirit of St. Louis Airport in St. Louis County, although both planes during this period were flown mostly outside the State. Taxpayer did not declare the aircraft as personal property in a list of tangible personal property with the County Assessor and, thus, did not pay property taxes on the aircraft for the tax years at issue.

In late November 2011, Taxpayer received a letter from the County Assessor indicating that the aircraft were subject to Missouri's personal property tax. Taxpayer apparently contacted the County Assessor and the STC and provided them the information necessary to apportion the taxes owed for the relevant tax years. Apportionment would permit the tax to be levied only on those miles flown within the State of Missouri.[3] The County Assessor indicated that it could not apportion the tax owed because the STC has the authority to allocate the value of the aircraft. In

---

[2] All statutory references are to RSMo 2000.

[3] This computation determines tax liability by multiplying the ratio of miles flown within the state to miles flown, by the aircraft's total assessed value and by the year's applicable tax rate, *i.e.*, (miles flown in Missouri/total miles) x assessed value x tax rate. *See* § 155.040.

2

turn, the STC indicated that it did not have the statutory authority to retroactively apportion the taxes owed on the aircraft.

Consequently, when the County Assessor provided Taxpayer with a tax bill for the unpaid taxes for years 2009 and 2010, the amount owed did not reflect the apportioned value of the aircraft. Instead, the tax owed was calculated by multiplying the assessed value of the aircraft by the tax rate. A subsequent tax bill for 2011 calculated the personal property tax owed for the planes the same way. The final bill provided to Taxpayer in November 2012 included the unapportioned delinquent amount owed for the tax years at issue, $493,787.17 including interest and penalties, as well as the amount owed for tax year 2012, $7,527.22, which reflects the apportioned amount owed for that year.[4]

Taxpayer did not remit the taxes owed and, instead, in June 2012, filed the instant action for declaratory judgment, injunction, and writ of mandamus against the STC, the County Assessor, and St. Louis County. In its petition, Taxpayer alleged that its tax liability for the tax years at issue should only be $31,282.89 pursuant to the apportioned value of the aircraft under Chapter 155 of Missouri's taxation and revenue statutes. Taxpayer sought a declaration that it is entitled to apportionment of the value of its aircraft, injunctive relief preventing the County Assessor from assessing taxes against Taxpayer in excess of the aircraft's apportioned value, and a writ of mandamus requiring the STC to allocate the value of the aircraft. Before the STC filed its answer, the Collector of Revenue of St. Louis County filed a separate action against Taxpayer to collect the unpaid personal property taxes for tax years 2009 through 2011. The collection

---

[4] Taxpayer complied with the statutory requirements for the 2012 tax year by declaring the aircraft as personal property and timely providing the assessor with the number of miles the aircraft flew both inside and outside the state. Taxpayer tendered a check to the St. Louis County Collector of Revenue in the amount of $7,527.22 for tax year 2012. The county returned Taxpayer's check, informing Taxpayer that payment for the current tax year cannot be made while delinquent taxes are overdue.

action was stayed and the parties proceeded in the instant action by filing cross-motions for summary judgment.

After a hearing on the parties' motions, the circuit court entered judgment in favor of Defendants. The circuit court concluded that declaratory relief is unavailable because Taxpayer has an adequate remedy at law. Specifically, the circuit court found that Taxpayer could request the county council to determine whether the assessment was erroneous pursuant to § 137.270 or otherwise raise the issue of improper taxation of the aircraft as a defense in the pending collection action.[5] Despite this conclusion and indicating that it would not interfere with Taxpayer's pursuit of its alternative legal remedies, the circuit court then concluded that the relevant tax statutes do not authorize the STC to apportion the value of the aircraft "outside" the statutory deadlines for assessing the value of aircraft in the current tax year. The circuit court found that no irreparable injury exists to justify injunctive relief and that Taxpayer was not entitled to a writ of mandamus. Taxpayer appeals.

**Standard of Review**

We review a circuit court's decision on a motion for summary judgment de novo. *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Harpagon Mo, LLC v. Clay County*

---

[5] Section 137.270 provides:

> The county commission of each county may hear and determine allegations of erroneous assessment, or mistakes or defects in descriptions of lands, at any term of the commission before the taxes are paid, on application of any person who, by affidavit, shows good cause for not having attended the county board of equalization for the purpose of correcting the errors or defects or mistakes. If any lot of land or any portion thereof has been erroneously assessed twice for the same year, the county commission shall release the owner or claimant thereof upon the payment of the proper taxes. Valuations placed on property by the assessor or the board of equalization shall not be deemed to be erroneous assessments under this section.

Although the statute references a "county commission," St. Louis County adopted a charter vesting all powers and duties conferred by law in its county council. *See* Art. II, § 2.180.14 Charter of St. Louis County (1979).

*Collector*, 335 S.W.3d 99, 102 (Mo. App. W.D. 2011).  We review the record in a light most favorable to the party against whom summary judgment was entered.  *Id.*

Further, we are mindful that a trial court is granted broad discretion in deciding whether to maintain a declaratory judgment action.  *State ex rel. Small v. Harrah's North Kansas City Corp.*, 24 S.W.3d 60, 63 (Mo. App. W.D. 2000).  "The trial court's exercise of discretion in applying the provisions of the Declaratory Judgment Act must be sound, based on good reason, and calculated to serve the purposes for which the legislation was enacted . . . ."  *Preferred Physicians Mut. Mgmt. Group, Inc. v. Preferred Physicians Mut. Risk Retention Group*, 916 S.W.2d 821, 824-25 (Mo. App. W.D. 1995).

## Discussion

Because the equitable remedy of declaratory relief is only available in those instances where no adequate legal remedy exists, the potentially dispositive question in this appeal is whether Taxpayer has an adequate remedy at law such that declaratory relief would be improper.  *Kansas City v. Chastain*, 420 S.W.3d 550, 555 (Mo. banc 2014) ("The lack of an adequate remedy at law is a prerequisite to relief via declaratory judgment.").[6]  Therefore, consideration of Taxpayer's first and third points—whether Taxpayer is entitled to a declaration that the relevant tax statutes required apportionment and whether Taxpayer is entitled to injunctive relief and mandamus—is only necessary if no adequate remedy at law exists.  Accordingly, we begin our analysis with Point II.[7]

---

[6] To maintain a declaratory judgment suit, a circuit court must be presented with: (1) a ripe and real, not merely hypothetical, justiciable controversy that is (2) pursued by a plaintiff with a legally protectable interest at stake, and (3) to which there is no adequate remedy at law.  *Missouri Soybean Ass'n v. Missouri Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003).  In this case, the parties only dispute the third consideration.

[7] Only the STC has filed a brief in response to all three of Taxpayer's points relied on.  St. Louis County and the County Assessor adopt the arguments of the STC's brief only as to Points I and III.

*Point II: Adequate Remedy at Law*

In its second point relied on, Taxpayer claims that the circuit court erred by denying declaratory relief on the basis that an adequate remedy at law exists. According to Taxpayer, the existence of a remedy at law bars declaratory relief only if the legal remedy available provides the "form of relief sought in the declaratory judgment action or its practical equivalent . . . ." Taxpayer asserts that because the STC would not be a party in either the pending collection action or a separate statutory collection action under § 137.270, that apportionment could not be ordered in those proceedings and, thus, no adequate remedy at law exists. The STC responds that adequate legal remedies are available to Taxpayer through the pending collection action or by seeking a correction of the tax bills under § 137.270.

Under Missouri's Declaratory Judgment Act, circuit courts have the authority to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." § 527.010. The Act is remedial and "its purpose is to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered." § 527.120. Circuit courts administering the act are to exercise their discretion in the furtherance of this purpose, in order to afford relief from "uncertainty and insecurity, . . . and [to] reduc[e] the multiplicity of litigation." *Preferred Physicians Mut. Mgmt. Group, Inc.*, 916 S.W.2d at 823-24 (citation omitted); *see also State ex rel. United States Fire Ins. Co. v. Terte*, 176 S.W.2d 25, 28 (Mo. 1943). However, claims for declaratory relief "are not intended to be a substitute for all existing remedies" and, instead, are merely "designed to supply a deficiency in our remedial proceedings . . . ." *State ex rel. Slah, LLC v. City of Woodson Terrace*, 378 S.W.3d 357, 361 (Mo. banc 2012) (citation and quotations omitted).

Missouri courts have emphasized this latter point, noting that "the declaratory judgment act, while it is to be interpreted liberally[,] is not a general panacea for all real and imaginary legal ills . . . ." *Cronin v. State Farm Fire & Cas. Co.*, 958 S.W.2d 583, 587 (Mo. App. W.D. 1997) (citation and quotations omitted). As such, we have recognized that the Act is to be used with caution, and "*except in exceptional circumstances plainly appearing*, [that the Act] is not to be used and applied where an adequate remedy already exists." *Id.* (emphasis added; citation and quotations omitted). For purposes of this rule, "[a]n action for declaratory judgment is inappropriate when the issue can be raised by some other means," *Lane v. Lensmeyer*, 158 S.W.3d 218, 223 (Mo. banc 2005), and more particularly when "the plaintiff could assert the issues sought to be declared as a defense in an action brought by the defendant[,]" *Preferred Physicians Mut. Mgmt. Group, Inc.*, 916 S.W.2d at 824. This is because, when a pending action involving the same set of facts, issues, object, parties, and purposes exists or is imminent, "it serves no sensible end to allow a defendant to seek a declaration by the trial court that he has a meritorious defense to the pending action." *Huff v. Dewey & LeBoeuf, LLP*, 340 S.W.3d 623, 627-28 (Mo. App. W.D. 2011) (citation and quotations omitted); *see also Planned Parenthood of Kansas & Mid-Missouri, Inc. v. Donnelly*, 298 S.W.3d 8, 13 (Mo. App. W.D. 2009); *American Family Mut. Ins. Co. v. Nigl*, 123 S.W.3d 297, 302 (Mo. App. E.D. 2003).

Here, Taxpayer filed its three-count petition against St. Louis County, the County Assessor, and the STC seeking a declaration that, for tax years 2009 through 2011, it is entitled to apportionment of the value of its aircraft, injunctive relief preventing the County Assessor from assessing taxes against Taxpayer in excess of the aircraft's apportioned value, and a writ of mandamus requiring the STC to allocate the value of the aircraft. Approximately two weeks later, the Collector of Revenue of St. Louis County filed a collection action against Taxpayer to

collect Taxpayer's unpaid taxes for tax years 2009 through 2011. The very issue on which Taxpayer seeks a declaratory judgment would undoubtedly constitute a defense to St. Louis County's claim in the collection action. Mainly, in resolving the collection action, the circuit court would necessarily have to consider the legality of the taxes imposed and the validity of Taxpayer's claimed defense that apportionment is required under Chapter 155 of Missouri's taxation and revenue statutes.

The fact that an action involving the same facts and legal issues is pending, however, does not, under the circumstances of this case, resolve our inquiry whether the collection action provides Taxpayer an *adequate* remedy at law. As Taxpayer points out, not all the same parties are named in the collection action as are named in the instant declaratory judgment action. We are aware of no Missouri case involving a similar factual scenario. However, we find guidance in our Supreme Court's decision in *Terte*, 176 S.W.2d at 25, where the Court recognized a distinction between alternative legal remedies that are pending or imminent (and thus adequate), and those that are uncertain (and, therefore, inadequate):

> Where a party's action is about to begin or has begun, it serves no sensible end to permit his adversary to appear as an equitable actor and start the proceedings for an autonomous declaration that he has a good defense to his opponent's pending or immient [sic] action. But where the facts do not show such imminence of suit, or where there is a practical ground for permitting a party . . . to claim and obtain exoneration from a judicial proceeding, there is no reason why the courts should not take cognizance . . . of a declaratory action covering the same issues. [*Id*. at 30 (quotation omitted).]

The *Terte* Court further recognized that a circuit court, in exercising its discretion whether to maintain a declaratory judgment suit when another action is pending, may consider "public policy and interest, efficiency, convenience, economy and the good or bad faith of the party bringing the declaratory action." *Id*. Paramount amount these factors for purposes of advancing the Act's purposes are three considerations: "(1) whether the plaintiff in the suit for declaratory

8

relief is in a position of uncertainty and insecurity; (2) whether the suit will terminate the uncertainty and insecurity as *effectually* as the other action; (3) and by no means least, whether public policy and interest will be served." *Id.* (emphasis added).

Applying these factors in this case, we are of the view that the trial court did not abuse its discretion by concluding that Taxpayer has an adequate remedy at law in the pending collection action. While this matter involves an important tax policy question, widespread interest in the issue justifying immediate resolution is lacking, given that disposition of the dispute is likely to affect only a small portion of Missouri taxpayers. And, while Taxpayer is presently in a position of uncertainty—because it does not know the extent of its tax liability—there are no "plainly appearing exceptional circumstances" that maintenance of this declaratory judgment action is more effectual, efficient, convenient, or economical than the pending collection action. This is because Taxpayer in the pending suit can move to join the STC and County Assessor as defendants and full resolution and redress of the underlying tax dispute can be pursued imminently.[8] Because resolution of the tax dispute in the pending collection action can be imminently pursued against all Defendants, that action is not the type of uncertain alternative legal remedy envisioned by *Terte* that justifies exemption from the judicial proceeding. *Terte*, 176 S.W.2d at 30.[9] As to Taxpayer's bad or good faith, there is no indication that Taxpayer filed

---

[8] Taxpayer did not demonstrate, or even allege, that joinder of either the STC or the County Assessor is not possible. *See* Rule 52.04. In fact, Taxpayer admitted at the summary judgment hearing that it would join those parties if it had to proceed in the collection action. We further note that either party in the collection action could move pursuant to Rule 52.04 to join the STC and the County Assessor as parties in the pending action.

[9] This Court has previously concluded on at least one occasion that an *imminent*, but not yet pending lawsuit, provided a plaintiff an adequate remedy at law. In *Cronin*, 958 S.W.2d at 589, this Court reversed a trial court's judgment granting declaratory relief where the plaintiff had an adequate remedy at law via a yet-to-be-filed garnishment action. At the time the plaintiff filed his declaratory judgment action regarding coverage under an insurance policy, the equitable garnishment statute precluded the plaintiff from filing his garnishment claim for another four days. *Id.* at 588. In concluding that the plaintiff had an adequate remedy at law via the garnishment statute, the Court noted that the plaintiff could pursue his garnishment action imminently. *Id.* at 589. Likewise here, Taxpayer can pursue its defense imminently by joining the STC and the County Assessor as parties in the pending collection action.

this action in bad faith. Rather, the record indicates that Taxpayer filed this instant action in an effort to diligently dispute the calculation of the assessment for the tax years in question after it could not reach an informal resolution with either the County Assessor or the STC, thereby reflecting Taxpayer's good faith.

Accordingly, despite Taxpayer's good faith and the fact that this action was initiated before the collection action, the *Terte* factors, when considered all together, make clear that permitting this declaratory judgment suit to proceed would not serve the purposes of the Act. This is because the issues Taxpayer seeks to have declared can be raised in its defense in the pending collection action, which is imminently pending against all Defendants, and all the relief that Defendant seeks can be obtained in that forum, should Taxpayer prevail. *See Planned Parenthood of Kansas & Mid-Missouri, Inc.*, 298 S.W.3d at 12 ("[W]here [the] alternative remedy is a pending suit, there is even greater justification to apply the rule against allowing declaratory judgment actions." (citations and quotations omitted)). Indeed, Taxpayer's uncertainty as to its tax liability would not be lessened through maintenance of this declaratory judgment action as compared to the available legal forum and there is otherwise no indicia that uncertainty and insecurity is inherent in the pending collection action. *Compare, e.g.*, *John Calvin Manor, Inc. v. Aylward*, 517 S.W.2d 59, 63-4 (Mo. 1974) (where assessor's failure to provide required statutory notice rendered alternative legal remedy inadequate). As the facts of this case do not demonstrate exceptional circumstances that would justify declaratory relief despite the availability of a judicial proceeding, we cannot conclude that the trial court erred by adhering to the rule that the Act is not to be applied where an adequate remedy at law exists.[10]

---

[10] Taxpayer asserts that judicial economy would not be served by requiring it to litigate its claim as a defense in the collection action, which is in its "infancy," because the tax question can be decided now in this declaratory judgment suit. We disagree because resolution of Taxpayer's substantive tax claim in this declaratory judgment suit would not resolve the collection action since the balance of taxes owed for the tax years in question remains unpaid and

10

Nonetheless, while Taxpayer does not deny that it can raise the illegality of the taxes as a defense in the pending collection action, Taxpayer relies on *Matthey v. St. Louis County*, 298 S.W.3d 903 (Mo. App. E.D. 2009) and *Northgate Apartments, L.P. v. City of N. Kansas City*, 45 S.W.3d 475 (Mo. App. W.D. 2001), to suggest that "practical grounds" exist for suspension of the general rule that a declaratory judgment action will not lie where the issues raised can be litigated in another related action. Specifically, Taxpayer claims that the circuit court will not be able to provide any redress for its claim because the STC is not a party to the action and any order requiring apportionment would be ineffective since only the STC has the authority to apportion the value of the aircraft. Notwithstanding our conclusion that an imminent pending action exists because Taxpayer can join the STC as a necessary defendant, *Northgate* and *Matthey* do not require a different result.

In *Northgate Apartments*, the plaintiff sought a judgment declaring invalid a city's ordinance that granted the city the authority to use its power of eminent domain to acquire the plaintiff's property. 45 S.W.3d at 477. As the Court explained, the plaintiff, which had suffered economic damages as a result of the ordinance, had no action at law that could effectuate a remedy because no pending related action existed since the city had not initiated a condemnation action. *Id*. at 481. Likewise, in *Matthey*, no action related to the plaintiff's declaratory judgment suit was pending. 298 S.W.3d at 905-07. However, the Court, in considering whether an adequate remedy at law existed via a replevin action, determined that an action in replevin was not available to the plaintiff, given that the defendant no longer possessed the property, and, even

maintenance of the declaratory judgment suit would not compel payment. Moreover, the fact that this declaratory judgment suit was initiated before the collection action is not the type of exceptional circumstance that justifies application of the Declaratory Judgment Act when an adequate legal forum is available. If we were to agree with Taxpayer, we would sanction a rule allowing litigants to bypass judicial proceedings by simply filing a declaratory judgment suit before any legal suit is initiated.

if it were, such an action would provide only a partial remedy because it would determine possession, and not ownership, of the property in dispute. *Id*.

*Northgate Apartments* and *Matthey* are factually distinguishable. In both *Northgate Apartments* and *Matthey*, the Court specifically recognized that no action at law was available to the plaintiffs. Here, unlike *Northgate Apartments* and *Matthey*, a pending action related to Taxpayer's declaratory judgment action exists that would provide Taxpayer a forum in which to litigate, as a defense, the substantive tax question it raises in this declaratory judgment action. Moreover, unlike *Matthey*, Taxpayer's alleged damage can be fully redressed in the pending collection action, which is imminently pending against all Defendants. Mainly, resolution of the collection action will determine Taxpayer's tax liability for the tax years in question and, should Taxpayer prevail, the circuit court's order would necessarily require the STC to apportion the value of its aircraft and the County Assessor to issue a proper tax bill thereupon—the exact relief Taxpayer seeks in this case. Because Taxpayer could receive all the relief it seeks in this declaratory judgment action in the pending collection action, the case law Taxpayer relies on is inapplicable.

In sum, the circuit court did not abuse its discretion by concluding that Taxpayer has an adequate alternative remedy at law via the pending collection action and that no genuine issue of material fact exists in this regard.[11] Under these circumstances, Defendants are entitled to judgment as a matter of law. The circuit court did not err by denying Taxpayer's motion for summary judgment and granting Defendants summary judgment on the basis that Taxpayer has an adequate remedy at law. Point II denied.

---

[11] Because we have concluded that an adequate remedy at law exists through the pending collection action, we need not consider whether an adequate remedy is also available through the administrative appeal process of § 137.270.

*Points I & III: Construction of Tax Statutes & Additional Relief*

Finally, because an adequate remedy at law exists, it was not proper for the circuit court to effectively grant declaratory relief for Defendants by ruling on the merits of Taxpayer's substantive tax claim, which Taxpayer addresses in Point I. *See Preferred Physicians Mut. Mgmt. Group, Inc.*, 916 S.W.2d at 825 (it is error to rule on the merits of declaratory judgment claim when an adequate remedy at law exists). This question is properly reserved for another legal forum, mainly the pending collection action. We, therefore, reverse the portion of the circuit court's decision concluding that the STC lacked the authority to apportion the value of the airplanes for the tax years in question. Point I granted, albeit for reasons other than those raised by Taxpayer.

Additionally, because Taxpayer's claims for injunctive relief and mandamus addressed in Taxpayer's Point III are predicated on its right to declaratory relief, and Taxpayer is not entitled to declaratory relief, these claims necessarily fail. Point III denied.

## Conclusion

We affirm the portion of the circuit court's judgment denying Taxpayer declaratory relief, injunctive relief, and mandamus on the basis that Taxpayer has an adequate remedy at law, and reverse the portion of the circuit court's judgment declaring that Taxpayer is not entitled to apportionment of its aircraft under the applicable tax statutes.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.

13